UNITED STATES of America,
Plaintiff-Appellee,

v.

ONE 1974 PORSCHE 911–S VEHICLE IDENTIFICATION NO. 9114102550,
Defendant-Appellee.

Edward Gioiosa, Jr., Claimant-Appellant.

No. 81–1911.

United States Court of Appeals,
First Circuit.

Argued May 6, 1982.
Decided July 9, 1982.

---

1. Before the district court, the defendants also contested the hourly rate.

Ellen Grossman, West Newton, Mass., with whom Karnig Boyajian, Boston, Mass., was on brief, for claimant-appellant.

Ralph A. Child, Asst. U. S. Atty., Boston, Mass., with whom William F. Weld, U. S. Atty., Boston, Mass., was on brief, for plaintiff-appellee.

Before PHILLIPS,* Senior Circuit Judge, BOWNES and BREYER, Circuit Judges.

BOWNES, Circuit Judge.

Edward Gioiosa appeals from a judgment of forfeiture entered against his automobile, a Porsche 911–S, pursuant to 21 U.S.C. § 881(a)(4).[1] Gioiosa raises two issues,

---

* Of the Sixth Circuit, sitting by designation.

1. 21 U.S.C. § 881(a) provides in relevant part as follows:

(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(1) All controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this subchapter.

(2) All raw materials, products, and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance in violation of this subchapter.

(3) All property which is used, or intended for use, as a container for property described in paragraph (1) or (2).

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1) or (2), except that—

(A) no conveyance used by any person as a common carrier in the transaction of business as a common carrier shall be forfeited

whether summary judgment of forfeiture was proper and whether he was improperly denied oral argument on the summary judgment motion. This matter arises out of the same set of facts that led to Gioiosa's conviction on a guilty plea under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, which he has attacked collaterally and which we have also decided today in No. 82–1077, *Gioiosa v. United States,* 1st Cir., 684 F.2d 176. A forfeiture proceeding is a civil, *in rem* action that is independent of any factually related criminal actions.

As set forth in the affidavit of Drug Enforcement Administration Agent John E. Fencer, Jr., the only evidence submitted, the facts are as follows. On the afternoon of November 21, 1977, in the parking lot of a restaurant in Braintree, Massachusetts, three DEA agents, including Fencer, were watching two men, Edward Bestoso and Gregg Leverant, who were sitting in a parked Plymouth automobile and who were known to have arranged a sale of 15,000 valium tablets to a fourth DEA agent that afternoon. Shortly before three p. m., Gioiosa drove the Porsche into the lot and parked it next to the Plymouth. Bestoso got out of the Plymouth and entered the passenger side of the Porsche. He carried nothing. After a short time, Bestoso got out of the Porsche, reached back into it, and pulled out a brown canvas bag with a green and red stripe. Bestoso returned to the Plymouth with the bag. The Porsche and the Plymouth left the lot together, and the DEA agents followed. The cars soon separated, the Plymouth heading in the direction of the rendezvous site with the fourth DEA agent and the Porsche continuing on its way. The three agents followed the Porsche. After about ten minutes, the agents learned over their two-way car radio that the arranged sale had been made and that a brown canvas bag containing about 15,000 tablets had been delivered to the buyer-agent. The three DEA agents then stopped the Porsche, arrested Gioiosa, and seized the car.

■ Gioiosa's attack on the summary judgment is that agent Fencer's affidavit failed to meet the government's burden of proof for a forfeiture. The government bears the burden of going forward in a forfeiture proceeding, but it must only show probable cause that the *res* subject to forfeiture was involved in a crime, here transporting a controlled substance. Once the government does so, the burden shifts to the claimant who must show by a preponderance of the evidence that, in such a case as this, the vehicle did not facilitate the transportation of a controlled substance. *United States v. One 1977 Lincoln Mark V Coupe,* 643 F.2d 154, 156 (3d Cir. 1981), *cert. denied,* 454 U.S. 818, 102 S.Ct. 97, 70 L.Ed.2d 88; *United States v. One 1972 Toyota Mark II,* 505 F.2d 1162, 1164 (8th Cir. 1974); *see United States v. One 1975 Mercedes 280S,* 590 F.2d 196, 199 (6th Cir. 1978). The question here, then, is whether agent Fencer's affidavit constituted sufficient probable cause. The probable cause standard is approximately the same as that used in search and seizure cases. *Compare United States v. One 1978 Chevrolet Impala,* 614 F.2d 983, 984 (5th Cir. 1980) (per curiam) (standard in forfeiture case) *with Rosencranz v. United States,* 356 F.2d 310, 314 (1st Cir. 1966) (standard in fourth amendment case); *cf. United States v. Pappas,* 613 F.2d 324, 326–30 (1st Cir. 1979) (treating the two standards as the same). This means that the government need only supply evidence that provides reasonable grounds for believing that the automobile facilitated transportation or sale of drugs. The evidence must go further, however, than simply arousing suspicion. *See United States v. One 1978 Chevrolet Impala,* 614 F.2d at 984.

under the provisions of this section unless it shall appear that the owner or other person in charge of such conveyance was a consenting party or privy to a violation of this subchapter or subchapter II of this chapter; and
 (B) no conveyance shall be forfeited under the provisions of this section by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such conveyance was unlawfully in the possession of a person other than the owner in violation of the criminal laws of the United States, or of any State.

Gioiosa points to three alleged defects in the affidavit that he urges defeat a probable cause finding. First, the report to the agents following Gioiosa that the drug transaction had been completed was hearsay. Second, the "chain of custody" of the bag taken from Gioiosa's car was broken: the agents following Gioiosa could not have known whether the bag Bestoso took from Gioiosa was the same bag delivered in the sale to the agent. Third, the tablets sold were not found to be a controlled substance until after Gioiosa had been arrested and the Porsche seized.

 We disagree; the facts alleged in the affidavit were sufficient to constitute probable cause. Hearsay may contribute to probable cause for issuance of a search warrant, if there is substantial basis for crediting the hearsay, *United States v. Ventresca*, 380 U.S. 102, 108–11, 85 S.Ct. 741, 745–46, 13 L.Ed.2d 684 (1965); *Aguilar v. Texas*, 378 U.S. 108, 114–15, 84 S.Ct. 1509, 1513–14, 12 L.Ed.2d 723 (1964); *United States v. Poulack*, 556 F.2d 83, 87 (1st Cir.), *cert. denied*, 434 U.S. 986, 98 S.Ct. 613, 54 L.Ed.2d 480 (1977). This rule should also operate in a forfeiture proceeding, and we think that the hearsay statement of a fellow officer over a police radio could be found reliable. *Cf. United States v. One 1975 Pontiac Lemans*, 621 F.2d 444, 449 (1st Cir. 1980) ("the existence of probable cause is to be evaluated on the basis of the collective information of the law enforcement officers engaged in a particular investigation"). The bag described in the radio report to the agents following Gioiosa was sufficiently similar to the bag taken by Bestoso to support an inference that the bags were the same. *Cf. United States v. One 1976 Mercedes Benz 280S*, 618 F.2d 453,

455–56 (7th Cir. 1980) (reasonable to conclude that drug seller obtained drugs from owner of forfeited car, although seller was not observed at all times); *United States v. One 1977 Lincoln Mark V*, 453 F.Supp. 1388, 1391 (S.D.N.Y.1978) (inferable that vehicle was used to facilitate drug transaction when it was the only car used by driver, who had to have been source of drugs for seller). The fact that the tablets were not found until later to contain a controlled substance does not disturb the earlier probable cause: the DEA agents had reasonable grounds to believe that a sale of several thousand tablets of valium would occur that afternoon, and it was reasonable to believe that the tablets contained in the brown bag were valium. These facts, together with the other facts set forth in the affidavit (and not the subject of any dispute by Gioiosa), provided probable cause to believe that the Porsche had been used to transport a controlled substance.[2]

 We also reject Gioiosa's claim that he was improperly denied a hearing on summary judgment. Under the local rules of the district court, a party seeking oral argument on a motion shall so request. D.Mass.R. 12(c)(1).[3] Although the court may hear argument even without request, *see* D.Mass.R. 12(e), it is not required to do so automatically. There is no constitutional right to oral argument on a summary judgment motion. *Spark v. Catholic Univ.*, 510 F.2d 1277, 1280 (D.C.Cir.1975); *see FCC v. WJR*, 337 U.S. 265, 274–77, 69 S.Ct. 1097, 1102–03, 93 L.Ed. 1353 (1949). The district courts are entitled to make rules limiting oral argument. Fed.R.Civ.P. 83. Gioiosa failed to request oral argument, so the district court was justified in holding none.[4]

**2.** Gioiosa also raises the interesting question whether his conviction on the guilty plea could be submitted as evidence of probable cause, which the Assistant United States Attorney did. We need not decide this issue, though, because the affidavit discussed above was sufficient basis alone for probable cause.

**3.** D.Mass.R. 12(c)(1) provides as follows:

Any party making or opposing a motion who believes that oral argument may be of

assistance to the court and wishes to be heard orally shall include a request for oral argument in the motion or opposition to the motion. A party making a motion may also request oral argument in a separate paper filed within 2 days after receipt of the opposition to the motion.

**4.** We do not decide whether, if Gioiosa had requested oral argument, Fed.R.Civ.P. 56(c) would have required the district court to grant it, as the Ninth Circuit Court of Appeals has

*See Erco Industries Ltd. v. Seaboard Coast Line R. Co.*, 644 F.2d 424, 431–32 (5th Cir. 1981); *Benson v. Matthews*, 554 F.2d 860, 862–63 (8th Cir. 1977). Indeed, Gioiosa emphasizes that his objections to the forfeiture are strictly legal, so there are no facts that might have been brought out at a hearing. *Cf. Sarelas v. Porikos*, 320 F.2d 827, 828 (7th Cir. 1963), *cert. denied*, 375 U.S. 985, 84 S.Ct. 519, 11 L.Ed.2d 473 (1964) (fact that only a question of law was presented was one factor justifying district court's denial of oral argument).

*The judgment of forfeiture is affirmed.*

---

held. *See Jasinski v. Showboat Operating Co.*, 644 F.2d 1277 (9th Cir. 1981); *Dredge Corp. v. Penny*, 338 F.2d 456 (9th Cir. 1964).