UNITED STATES of America, Plaintiff,

v.

PARCEL OF LAND AND BUILDINGS LOCATED THEREON AT 40 MOON HILL ROAD, NORTHBRIDGE, MASSACHUSETTS, Defendants.

Civ. A. No. 87–0110–XX.

United States District Court,
D. Massachusetts.

Dec. 22, 1988.

**2**

Jeffrey S. Robbins, Asst. U.S. Atty., Boston, Mass., for plaintiff.

Alan R. Finer, Vineyard Haven, Mass., for defendants.

## MEMORANDUM

KEETON, District Judge.

This is an action pursuant to 21 U.S.C. § 881(a)(7) for forfeiture of a plot of land allegedly used to cultivate, manufacture and distribute large amounts of marijuana. The owners of the property, Robert and Linda Markt, pled guilty to and were convicted in Worcester County Superior Court of criminal possession and intent to manufacture or distribute marijuana on the basis of marijuana cultivated on the defendant property. The government has moved for summary judgment on the ground that, by reason of the criminal conviction, defendant owners, the Markts, are collaterally estopped from denying that they possessed marijuana with intent to manufacture or distribute and that the land and building that are the subject of the forfeiture action were used in the cultivation and possession of that marijuana. The government also argues that it is entitled to summary judg-

ment because its submissions establish that no genuine issue of material facts exists as to whether the property at 40 Moon Hill Road was used for the illegal cultivation of marijuana.

The defendant owners, the Markts, respond in opposition that collateral estoppel effect should not be afforded to the prior criminal proceeding and that the marijuana and other evidence discovered in a search of defendant property and used as evidence in the criminal proceeding should not be considered in the present proceeding because it was discovered in an illegal search. The Markts therefore have moved to stay hearing on the summary judgment motion pending a hearing on their motion to suppress the evidence from the search. The Markts have also moved to strike the affidavit of Agent Joseph Coons. Because the court does not rely on the affidavit of Agent Coons in reaching its decision, it is unnecessary for the court to address that motion.

On October 13, 1988, this court noted that the Markts have failed to offer any evidence of the illegality of the search that would justify granting a hearing on the motion to suppress and a stay of consideration of the government's motion for summary judgment. The court, however, allowed the Markts 30 days to submit such evidence to the court. On November 17, 1988, the Markts filed with the court a memorandum and two affidavits setting forth the alleged basis for the illegality of the search and a stay of the government's motion for summary judgment.

### I.

The government moves for summary judgment on the ground that it has established probable cause sufficient to satisfy all elements of the forfeiture provisions of 21 U.S.C. § 881, and therefore that it is entitled to summary judgment absent proof to the contrary by the defendants. 21 U.S.C. § 881(a)(7) provides that the following property shall be subject to forfeiture to the United States:

"All real property including any right, title and interest in the whole of any lot

or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment ...

■ The government is not required to prove that the property was used for such illegal purpose, but only establish that there is probable cause to believe it was or is being used for such purpose. *United States v. 1974 Porsche 911–S Vehicle*, 682 F.2d 283, 285 (1st Cir.1982). Once probable cause has been established, the burden of proof shifts to the defendant to show by a preponderance of the evidence that the property is not subject to forfeiture. *Id.*

■ The government has established probable cause to believe that the property at 40 Moon Hill Road was used in the illegal cultivation and distribution of marijuana. First, the court concludes that the Markts are collaterally estopped from relitigating issues litigated and disposed of in their criminal case, including the possession with intent to cultivate and distribute marijuana. Although the First Circuit has not addressed this issue, *see United States v. 1974 Porsche 911–S Vehicle*, 682 F.2d 283, 286 n. 2 (1st Cir.1982) (noting that the issue of whether a conviction on a guilty plea could be submitted as evidence of probable cause raises an interesting question which the court in that case need not reach), other courts that have addressed the issue have concluded that it is appropriate to afford collateral estoppel effect in forfeiture proceedings to issues necessarily determined in the criminal case. *See United States v. "Monkey"*, 725 F.2d 1007, 1010 (5th Cir.1984); *United States v. $31,697.59 Cash*, 665 F.2d 903, 906 (9th Cir.1982). Furthermore, because the court concludes that the Markts' guilty plea and failure to appeal that plea necessarily establish that they possessed marijuana with the intent to cultivate and distribute it, the court concludes that affording collateral estoppel effect is appropriate. The only additional issue to be established, therefore, is that this illegal use and distribution took place at least in part at 40 Moon Hill Road. The

September 2, 1986 report and affidavit of Sgt. Melia (Exhibit to Complaint D and E) stating that Sgt. Melia found 90 marijuana plants in addition to marijuana processing equipment on the Markt's property at 40 Moon Hill Road is more than sufficient to establish probable cause to satisfy the government's burden of production on the issue of illegal use of that property. In addition, the court concludes that even without affording collateral estoppel effect to the criminal proceeding, Sgt. Melia's affidavits establish probable cause to believe that the property at 40 Moon Hill Road was used to illegally cultivate marijuana, and thus independently satisfy the government's burden of proof.

The Markts argue, however, that the search of the Markt's home and fields was without probable cause and therefore that the evidence discovered in that search cannot be considered in this case. *See Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965); *United States v. One 1975 Pontiac Lemans, Etc.*, 621 F.2d 444 (1st Cir.1980). The Markts argue that Sgt. Melia made contradictory statements in the probable cause hearing on January 6, 1987 that call into question the veracity of his September warrant affidavit. In the affidavits submitted on November 17, 1988, the Markts state that Sgt. Melia's testimony at the probable cause hearing on January 6, 1987, was inconsistent in that although he testified that he had been told the name of a person, "B," mentioned in his September 1, 1986 warrant affidavit as someone his informant, "A," said had purchased marijuana from the Markts, he also testified that he did not know the name of that person "B." The Markts argue that a contradiction is evident from these two statements that is evidence of material misrepresentations in the warrant affidavit issued in September 1986. It is on the basis of this contradiction that they ask for a hearing to consider the validity of the September search warrant affidavit, and therefore, also the admissibility in this forfeiture case of the evidence discovered in that search. The Markts suggest that this "contradiction" in the testimony of Melia on January 6, 1987

**4**

supports their theory that neither a purchaser "B" nor an informant "A" ever existed and therefore that the police learned of the marijuana on the Markts' property only when they made an unauthorized entry onto the Markts' property to return an animal to a shed.

■ The Supreme Court in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), stated that in order to be entitled to an evidentiary hearing on the validity of a search warrant affidavit, a criminal defendant must make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" and that "the allegedly false statement is necessary to the finding of probable cause." *Id.* at 155–56, 98 S.Ct. at 2676. The court noted,

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, ... [t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.... Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. *Id.* at 171–72, 98 S.Ct. at 2684.

The Markts' proffered affidavits fall far short of meeting this standard, which this court holds applies to civil as well as criminal proceedings. First, the court concludes that the Markts' affidavits are not even sufficient to show that any misrepresentation occurred at the probable cause hearing on January 6, 1987. Sgt. Melia's lack of knowledge of the name of the alleged purchaser "B" in the hearing on January 6, 1987, standing alone, is insufficient to show that he was not telling the truth when he stated that he was told that name sometime before September 1, 1986. He may have forgotten the name of the purchaser in the intervening three months. Second,

even if the court were to accept that Sgt. Melia misrepresented the state of his knowledge of "B's name on January 6, 1987, that is not evidence of a material misrepresentation in the affidavit supporting the search warrant. Sgt. Melia did not state in the search warrant affidavit that he knew "B"'s name. Finally, in light of the considerable evidence offered by Sgt. Melia for the reliability of his informant, "A", in addition to the evidence of the A's first hand knowledge of the existence of marijuana on the Markt's residence and Sgt. Melia' own evidence of his independent reason to believe that the Markts were in possession of marijuana, the court concludes that there was more than sufficient evidence to support the issuance of the search warrant and thus that the identity of "B" is not material to the validity of the search warrant. Defendant's motion for an evidentiary hearing on the issue of the legality of the search of 40 Moon Hill Road is therefore denied.

## II.

■ The Markts also argue that this suit is barred by the Double Jeopardy Clause of the Fifth Amendment. In *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 362, 104 S.Ct. 1099, 1104, 79 L.Ed.2d 361 (1984), however, the Supreme Court specifically held that a civil forfeiture *in rem* proceeding is not barred by the Double Jeopardy Clause of the Fifth Amendment. The court concluded that unless a forfeiture proceeding is "essentially criminal in character, the Double Jeopardy Clause is not applicable." *Id. See also One Lot Emerald Cut Stones and One Ring v. United States*, 409 U.S. 232, 235, 93 S.Ct. 489, 492, 34 L.Ed.2d 438 (1972) (holding that "forfeiture is not barred by the Double Jeopardy Clause of the Fifth Amendment because it involves neither two criminal trials nor two criminal punishments."). In addition, the First Circuit has specifically held that 21 U.S.C. § 881 is "predominantly civil in nature" and does not trigger the full range of criminal safeguards. *United States v. $250,000*, 808 F.2d 895, 900 (1st Cir.1987) (citing *Emerald Cut Stones v. United States*, 409 U.S. 232,

93 S.Ct. 489, *supra*). *See also United States v. One 1974 Porsche 911–S Vehicle*, 682 F.2d 283, 285 (1st Cir.1982) (holding that a § 881 forfeiture proceeding is a "civil, *in rem* action that is independent of any factually related criminal actions"). This action, therefore, is a civil action and the Double Jeopardy clause is not a bar to the government's case.

### III.

 Under the Federal Rules of Civil Procedure 56, when a party if faced with a motion for summary judgment, the party cannot simply rely on pleadings or legal theories that, if supported by facts, might be relevant. Rule 56 requires that a motion for summary judgment be opposed by sworn affidavits establishing a genuine issue of material fact. The Markts have not met this requirement. The Markts' affidavits do not establish a genuine issue of fact as to the existence of probable cause for the search and they have failed to dispute any other material fact alleged by the government. The Markts' answer, in fact, claims lack of sufficient knowledge to affirm or deny all relevant facts, a lack of knowledge that is surprising given the criminal trial which has already occurred and the fact that the property in question was owned and inhabited by the Markts. The court concludes, therefore, that the government's submissions and affidavits do show probable cause to believe that the defendants engaged in the cultivation and manufacture of marijuana on the property at 40 Moon Hill Road and the Markts have not presented evidence to the contrary to meet their burden of showing by a preponderance of the evidence that the property was not so used. *See United States v. $250,000*, 808 F.2d 895, 900 (1st Cir.1987). The government is therefore entitled to summary judgment.

### FINAL JUDGMENT

For the reasons stated in the Memorandum of this date, it is ORDERED:

(1) summary judgment for the government is allowed,

(2) judgment is entered for the government, declaring the defendant property to be condemned as forfeited to the United States of America to be disposed of according to law,

(3) costs are allowed to the government.