UNITED STATES of America,
Plaintiff, Appellee,

v.

PARCELS OF REAL PROPERTY WITH
THE BUILDING, APPURTENANCES
AND IMPROVEMENTS KNOWN AS
1933 COMMONWEALTH AVENUE,
NEWTON, MASSACHUSETTS, Defen-
dant, Appellee.

Appeal of John CHAMBERS, Claimant.

No. 89–2061.

United States Court of Appeals,
First Circuit.

Argued May 9, 1990.
Decided Aug. 23, 1990.

William P. Homans, Jr., with whom Homans, Hamilton & Dahmen, Boston, Mass., was on brief, for defendant, appellant.

Laurie J. Sartorio, Asst. U.S. Atty., Swampslott, Mass., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., were on brief, for plaintiff, appellee.

Before BREYER, Chief Judge, BOWNES, Senior Circuit Judge, and TORRUELLA, Circuit Judge.

TORRUELLA, Circuit Judge.

This is an appeal from a summary judgment entered in favor of the United States government on its forfeiture action against a property in Newton, Massachusetts. For the reasons stated below, we affirm.

## FACTS

The United States brought this *in rem* action against John Chambers' property after his indictment and conviction under state law for the manufacture, possession, and intent to distribute cocaine. The government's complaint for forfeiture *in rem* incorporated the affidavit of Special Agent Joseph A. Coons of the Drug Enforcement Administration ("DEA"). This affidavit described the investigation conducted by the Newton Police. We briefly summarize the undisputed facts below.

In February, 1987, Detective Joseph Donahue, Jr. of the Newton Police Department, learned of a number of anonymous telephone calls and complaints from several neighbors concerning the property located at 1933 Commonwealth Avenue in Newton, Massachusetts. These calls alleged that the property was used in connection with drug use and trafficking. An investigation including surveillance ensued.

Detective Donahue reported that during the surveillance of Chambers' property, he and his fellow officers observed that the property was frequented by known drug offenders. They also found that one of its residents had been arrested twice for possession of cocaine with intent to distribute. During the course of the investigation Detective Donahue was advised by a confidential informant, who previously had provided information which led to the arrest and conviction of several other drug dealers and users, that Chambers stored, used and distributed cocaine from his house.

The informant gave a clear and precise description of the house and Chambers' activities. His statement included facts such as that Chambers used cocaine socially and "used to cook and smoke cocaine in the kitchen" of the residence in question. The informant told Donahue that Chambers had a gun, a fact which was subsequently verified. Further, in reference to distribution, he stated "that in lieu of money Chambers would take stolen goods." Based on this information, the investigation and personal observations, Detective Donahue obtained a search warrant.

The ensuing search produced 2.3 grams of cocaine contained in two paper bundles, two plastic bags containing a white powder, a silver cutting tray, a straw, a plastic card, a razor, a scale, baking soda, Kal Inositol powder (a substance commonly used as a cutting agent or to dilute cocaine), a pistol, a cutting block, valium and talwin tablets. On February 26, 1987, Chambers was indicted and convicted for knowingly or intentionally possessing with intent to distribute, cocaine and of knowingly or intentionally manufacturing, distributing, dispensing or possessing with intent to manufacture, distribute or dispense cocaine, in violation of the provision of Mass.Gen.Laws ch. 94C.[1]

## DISCUSSION

The district court granted the government's motion for summary judgment on the theory that the "plaintiff has shown probable cause to believe that the defendant property was used to commit a violation of the federal drug laws, and because claimant's legal arguments are unavailing." Appellant argues that the district court erred in so doing. We disagree.

---

1. This conviction is now on appeal in the state court.

## I. *Probable Cause*

■ In a forfeiture action brought under 21 U.S.C. § 881, the government has the initial burden of showing probable cause to believe that the property in question is subject to forfeiture. *United States v. Land at 5 Bell Rock Road, Freetown, Massachusetts*, 896 F.2d 605, 606 (1st Cir. 1990). Section 881 directs that the burden of proof in such a case is controlled by 19 U.S.C. § 1615. Section 1615 permits the government

"to obtain this property through forfeiture *if* the government shows probable cause to believe that the property was 'used to facilitate the commission of' a serious drug crime, *unless* the owners then show (by a preponderance of the evidence) either (1) that the property was not used in this way or (2) that any such use was without the owner's 'knowledge or consent.'"

*See id.* at 606; 21 U.S.C. § 881(a)(7); 19 U.S.C. § 1615; *United States v. 250,000 in United States Currency*, 808 F.2d 895, 897 (1st Cir.1987).

■ In order to satisfy this standard, the evidence must rise above the level of mere suspicion but can be supported by less than *prima facie* proof. *United States v. One 1974 Porsche 911–S Vehicle*, 682 F.2d 283, 285 (1st Cir.1982); *see also United States v. Banco Cafetero de Panamá*, 797 F.2d 1154, 1160 (2d Cir.1986). It is well established that "[h]earsay may contribute to probable cause for issuance of a [forfeiture] warrant, if there is substantial basis for crediting the hearsay." *United States v. One 1974 Porsche 911–S Vehicle*, 682 F.2d at 285.

■ The government's probable cause showing must be initially directed to show probable cause to believe that the property was connected with illegal drug transactions. *United States v. 250,000 in United States Currency*, 808 F.2d at 897; *see also United States v. $4,255,625.39*, 762 F.2d 895, 903 (11th Cir.1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772

(1986). This connection, however, does not require linking the property to a particular transaction. *See United States v. Banco Cafetero de Panamá*, 797 F.2d at 1160. Once the government satisfies the probable cause requirement, the burden then shifts to the defendant to produce evidence which not only puts the material facts in dispute, but which enables a trier of fact to find that the defendant has disproved the government's contentions by a preponderance of the evidence. *United States v. 250,000 in United States Currency*, 808 F.2d at 897; *United States v. One 1974 Porsche 911–S Vehicle*, 682 F.2d at 285.

■ Upon careful review of the record we find that, contrary to Chambers' assertions, there is more than an incidental or fortuitous connection between the property and the underlying illegal activity. *See United States v. A Parcel of Land with a Building Located Thereon at 40 Moonhill Rd.*, 884 F.2d 41, 45 (1st Cir.1989); *United States v. Premises Known as 3639–2nd Street, N.E., Minneapolis, Minnesota*, 869 F.2d 1093, 1096 (8th Cir.1989) ("we believe that if persons 'make a real property available as a situs for an illegal drug transaction, it is forfeitable,'" *quoting United States v. 26,075 Acres*, 687 F.Supp. 1005 (E.D.N.C.1988)). In fact, the record demonstrates that the telephone calls, the surveillance by the Newton police, the statements made by the confidential informant, along with the items seized during the admittedly legal search of the property [2], plainly constitute sufficient evidence of probable cause to believe that the Chambers' property had been used in an illegal manner.

## II. *Summary Judgment*

■ Summary judgments are appropriate when there are no genuine issues as to any material facts and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Accordingly, the government moved for summary judgment

---

**2.** Many of the items seized on the premises, including the scale, the plastic bags and the cutting agent, are considered as tools of the

drug trade. *United States v. One Parcel of Real Property*, 900 F.2d 470 (1st Cir.1990).

**4**

"with supporting affidavits," Fed.R.Civ.P. 56(a), which showed that it was "entitled to a judgment as a matter of law." Appellant opposed the motion. The relevant federal rule provides that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth the specific fact showing that there is a genuine issue for trial.

Fed.R.Civ.P. 56(e). Contrary to appellant's contentions, the record demonstrates that appellant produced no evidence to negate the probable cause established by the government's affidavit. Furthermore, Chambers' statement in his affidavit in opposition to summary judgment that "[a]t no time has any evidence been introduced by anybody that I participated in a single sale of cocaine," is irrelevant. Proof of the sale of cocaine or of a specific transaction is not essential to find probable cause for the purpose of forfeiture under the statute at issue. *See United States v. Banco Cafetero de Panamá*, 797 F.2d at 1160.

It is essential to note that not only does the government's affidavit establish that the residence was connected with the use of cocaine, but Chambers admits that he used cocaine in his residence and that he "... began excessively abusing cocaine after being introduced to it by one of [his] boarders." More importantly, however, Chambers never refuted the government's contention that the premises were used to facilitate possession of cocaine with the intent to distribute it or for distribution itself.

Appellant's opposition basically rests on general denials. Appellant failed to "set forth specific facts showing that there was a genuine issue for trial," nor for that matter, did he specifically controvert the statement of facts that the government submitted. Therefore, summary judgment for the government was mandated. *See United States v. Land at 5 Bell Rock Road, Freetown, Massachusetts*, 896 F.2d at 610–11.

### III. *Collateral Estoppel*

Appellant contends that the district court erroneously relied on the state convictions to determine whether the residence was used to facilitate a drug violation. Chambers argues that the state convictions should have had no collateral estoppel effect upon this issue. *Manning v. Grimsley*, 643 F.2d 20, 23–24 (1st Cir.1981). He further avers that the state convictions have been appealed and the execution of his sentence stayed, and thus, under the applicable Massachusetts state law the convictions are not final for collateral estoppel purposes.

This court need not reach this argument. It is clear that the district court found probable cause and that it relied on the DEA agent's affidavit. This is sufficient. Moreover, we reaffirm our earlier statement that 21 U.S.C. § 881 is "predominantly civil in nature." "A forfeiture proceeding is a civil, *in rem* action that is independent of any factually related criminal actions." *United States v. A Parcel of Land with a Building Located Thereon at 40 Moonhill Rd.*, 884 F.2d at 43 (quoting *United States v. One 1974 Porsche 911–S Vehicle*, 682 F.2d at 285). Therefore, the conclusions previously reached in this opinion regarding the reasonableness of the probable cause finding and the appropriateness of the grant of summary judgment, preclude appellant's collateral estoppel arguments.

For the reasons stated throughout this opinion the district court's conclusions are hereby

*Affirmed.*