**UNITED STATES of America, Plaintiff,**

v.

**CERTAIN REAL PROPERTY LOCATED ON HANSON BROOK, TOWN HOUSE ROAD, WATERBORO, COUNTY OF YORK, STATE OF MAINE, and Certain Real Property Consisting of 4.36 Acres, Located on the Town House Road, Waterboro, County of York, State of Maine, and Certain Real Prop-**

erty Located at Lake Arrowhead Estates, Old Portland Road, Waterboro, County of York State of Maine, and Certain Real Property Located on the Beaverberry Road, Limington, County of York, State of Maine, Defendants.

Civ. No. 91–0110–P–C.

United States District Court,
D. Maine.

May 13, 1992.

Jonathan R. Chapman, Asst. U.S. Atty., Portland, Me., for plaintiff.

Bruce E. Kenna, Kenna, Johnston, Craighead & Sharkey, Manchester, N.H., Terrence Garmey, Smith & Elliott, Portland, Me., for claimant Patrick Cunan.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR DECREE OF FORFEITURE

GENE CARTER, Chief Judge.

This is a civil forfeiture action in which the Plaintiff, the United States of America, seeks the forfeiture of the Defendants *in rem* pursuant to provisions of 18 U.S.C. § 981 and 21 U.S.C. § 881(a)(6). The claimants of record herein are Patrick S. Cunan and Prestige Precious Metals, Inc., a corporation which holds title to Defendant No. 1. Patrick S. Cunan has filed the claim for Prestige Precious Metals in his representative capacity as its president.

The Government, on January 15, 1992, filed its motion and supporting memorandum seeking summary judgment, which were accompanied by Plaintiff's list of specific citations to the discovery materials on which Plaintiff relied, the Affidavits of Special Agent David Nicholson of the U.S. Internal Revenue Service and Special Agent Peter DeRice of the Maine Bureau of Intergovernmental Drug Enforcement, and a Statement of Material Facts. Claimants responded to the motion by seeking further discovery under Federal Rule of Civil Procedure 56(f), and the Court granted the motion by order entered March 4, 1992. Claimants have now responded to the motion, and it is in order for decision.

A motion for summary judgment must be granted if:

> [T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). As the Court of Appeals for the First Circuit has stated, on a motion for summary judgment, the Court must examine the facts in the light most favorable to the nonmoving party. *United States v. Parcel of Land,* 914 F.2d 1, 2 (1st Cir.1990). " '[S]ummary judgment is precluded if there is a dispute over facts that might affect the outcome of the suit under the governing law.' " *Id. (quoting United States v. 5 Bell Rock Road,* 896 F.2d 605, 611 (1st Cir.1990)).

■ To obtain civil forfeiture of property that is involved in a money laundering scheme under 18 U.S.C. § 981 or that represents the proceeds of drug trafficking under 21 U.S.C. § 881(a)(6), the government need only show probable cause to believe that the property was subject to forfeiture. *United States v. One 1974 Porsche, 911–S,* 682 F.2d 283, 285 (1st Cir. 1982); *United States v. Wollman,* 945 F.2d 79 (4th Cir.1991) (discussing forfeiture standard under 18 U.S.C. § 981). The Court of Appeals for the First Circuit requires that there be probable cause to believe a substantial connection exists between Defendants and drug or money laundering activities. *See United States v. Parcel of Land,* 914 F.2d at 3–4.

> Probable cause to forfeit requires only a "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion" that the property is subject to forfeiture.... Once the government makes this showing, the burden shifts to the claimant to prove by a preponderance of the evidence that the property was not used in violation of the statute or that it was so used without the owners' knowledge or consent.

*Id.* at 3.

■ There is clearly enough evidence in the record to support a finding of probable cause that there exists a substantial connection between Defendant properties and the drug or money laundering activity of Richard DeCato. The Court effectively made such a finding in its Memorandum and Order Denying Claimants' Motion to Dismiss, *United States v. Certain Real Properties,* 770 F.Supp. 722 (D.Me.1991). The Court cannot find, however, for purposes of a motion for summary judgment, that the Government has met its " 'initial responsibility' of demonstrating the absence of a genuine issue of material fact— that is, taking all the evidence in the light most favorable to the claimant, has the government shown that no reasonable jury could award the property to the claimant?" *United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1439 (11th Cir. 1991) (*quoting Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). When the record now before the Court is viewed in the light most favorable to Claimants, there remain genuine issues of material fact concerning, *inter alia,* who actually purchased the defendant properties and the provenance of the funds used to do so. Determination of these issues to find probable cause on this record will depend on the drawing of inferences from the evidence, and it is clear that the evidence will support equally permissible but conflicting inferences. As the court said in *United States v. Parcel of Land,* on summary judgment "the district judge is forbidden from 'superimpos[ing] his own ideas of probability and likelihood ... upon the carapace of the cold record.' " *United States v. Parcel of Land,* 914 F.2d at 6 (*quoting Greenburg v. Puerto Rico Maritime Shipping Authority,* 835 F.2d 932, 936 (1st Cir.1987)).

■ The Government points out, and the Court agrees, that there would be an unrebutted showing of probable cause if the Court were to accept the testimony of Michael Brady and/or Troy Bolduc to the effect that Richard DeCato told them he had a plan to buy properties with his drug money through Patrick Cunan. While hearsay may be considered in evaluating probable cause to forfeit, there must be a substantial basis for relying on the hearsay. *United States v. Parcel of Land,* 914 F.2d at 5. The record shows inconsistencies between the testimony of Bolduc and Brady and what they reported to Special Agent Nicholson concerning their dealings with DeCato and Cunan. Given these inconsistencies and the fact that both Bolduc

and Brady are shown to have been unreliable in prior judicial proceedings,[1] the Court cannot find, based on the totality of the circumstances, that their testimony is sufficiently reliable to justify a grant of summary judgment.[2]  The Court cannot find on the record before it that no reasonable jury could award the property to the Claimants. *See United States v. Four Parcels*, 941 F.2d at 1439.

Accordingly, it is ORDERED that Plaintiff's Motion for Summary Judgment be, and it is hereby, DENIED.

SO ORDERED.

---

1. Brady lied in an affidavit presented to support his claim in a civil forfeiture proceeding in the District of New Hampshire.  Bolduc told a grand jury that he had received treatment for drug addiction when, in fact, he left a thirty day treatment program after three days.

2. On this record the Court also rejects the suggestion that DeCato's statement was not hearsay under Fed.R.Evid. 801(d)(2)(E) because it is the statement of a coconspirator uttered in furtherance of the conspiracy.  Without deciding how this rule of evidence applies in summary judgment proceedings, the Court is satisfied that the statement was not made in furtherance of any conspiracy between DeCato and Cunan.  Similarly, the Court rejects for purposes of this motion Plaintiff's argument that DeCato's statement is not hearsay under Fed.R.Evid. § 801(d)(2)(D) because DeCato was Cunan's agent and contractor.  The Court cannot determine the applicability of this exception on the record now before it.