**UNITED STATES of America,
Plaintiff,**

v.

**Oreste ALONSO [1], Teresa Gonzalez Rius [2], Defendants.**

Criminal No. 06–394 (DRD).

United States District Court,
D. Puerto Rico.

Dec. 23, 2008.

Julia Diaz–Rex, Marshal D. Morgan, Maritza González, AUSA, San Juan, PR, for Plaintiff.

Gary H. Montilla–Brogan, Esq., Lorenzo J. Palomares–Starbuck, Esq., San Juan, PR, for Defendants.

## ORDER APPROVING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

DANIEL R. DOMÍNGUEZ, District Judge.

Pending before the Court is defendants Oreste Alonso's and Teresa González Rius'

("Alonso" and "González" or collectively "defendants") *Joint Motion To Dismiss Indictment On The Basis Of Res Judicata, Collateral Estoppel And Waiver ("Joint Motion")* (Docket No. 113); the *United States' Opposition To Defendants' Joint Motion To Dismiss Indictment On The Basis Of Res Judicata, Collateral Estoppel, And Waiver* (Docket No. 114); and, defendants' *Reply To Government's Opposition To The Motion To Dismiss Indictment* (Docket No. 117). This matter was referred to the Magistrate Judge Camille Vélez–Rive on August 28, 2008 (Docket No. 119). A *Report and Recommendation* was entered on September 8, 2008 (Docket No. 121). The Magistrate Judge recommended that the defendants' joint motion be denied.

The Magistrate Judge appropriately forewarned the defendants of the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Federal Rule of Civil Procedure ("Fed.R.Civ.P."), that any written objections to the Report and Recommendation must be filed with the Clerk of Court within the next ten (10) days upon receipt of the Report and Recommendation. Furthermore, the defendants were duly advised that failure to comply with the provisions of Rule 72(d) of the Fed.R.Civ.P. is a "waiver of the right to review by the district court. *United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986)." *See* Docket No. 121. Furthermore, it is settled that defendant's failure to timely object to the report and recommendation precluded any further appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). *See also* Rule 72(d) of the Local Civil Rules of the United States District Court for the District of Puerto Rico. Hence, according to the *Report and Recommendation* (Docket No. 121), the parties had ten (10) days to file the objections to the report. In the instant case, the objections to the *Report and Recommendation* were due on **September 22, 2008.**

■ The record shows that the defendants opposed the *Report and Recommendation* on **November 11, 2008** (Docket No. 123), that is, after the ten (10) day period to appeal had elapsed, and without leave of Court. "[A] party 'may' file objections within ten days or he may not, as he chooses, but he 'shall' do so if he wishes further [appellate] consideration." *Henley Drilling Co. v. McGee*, 36 F.3d at 150 (quoting *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980)).

■ Hence, the Court needs only satisfy itself that there is no clear error on the face of the record in order to accept an untimely appeal to a Report and Recommendation. *See Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415 (5th Cir.1996); *Nogueras–Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R.2001); *Garcia v. I.N.S.*, 733 F.Supp. 1554 (M.D.Pa.1990). But even if this Court were to consider defendants' late appeal to the *Report and Recommendation*, the determination would be identical under *de novo* review, which is the applicable standard to a timely appeal of a report and recommendation. However, the Court must conclude that the filing is not timely since the ten (10) day period to object to a Report and Recommendation has been compared to the ten (10) day period under Fed.R.Civ.P. 59(e) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."). *See Negron v. Celebrity Cruises, Inc.*, 316 F.3d 60, 62 (1st Cir.2003). But Rule 59(e) motions do not enjoy the three (3) day mailing rule extension provided by Fed.R.Civ.P. 6(e). *See Heidelberg Harris, Inc. v. Mitsubishi Heavy Industries, Ltd.*, 1998 WL 719573 (N.D.Ill. Oct. 8, 1998) (containing a compilation of circuit court cases holding that

the mailbox rule granting a three (3) day extension, Fed.R.Civ.P. 6(e), does not apply to motions under Fed.R.Civ.P. 59(e)).

The Court has reviewed the Magistrate Judge's *Report and Recommendation* (Docket No. 121), under the plain error doctrine, as the defendants' grounds for dismissal of the indictment under the *res judicata* or collateral *estoppel* doctrines, is unwarranted. The Court briefly explains.

### Factual Background

A thirty-eight (38) count *Indictment* was filed against the defendants herein, on December 15, 2006 (Docket No. 1). A *Superseding Indictment* followed on July 11, 2007 (Docket No. 36). The defendants were charged with several violations including the filing of false claims to defraud a federal health care benefit program, namely, Medicare, with the "purpose and object of the scheme and artifice for the co-defendants to unlawfully enrich themselves by submitting and causing the submission of false and fraudulent claims to Medicare." *See Superseding Indictment* (Docket No. 36), Count One.

On August 13, 2008, the defendants filed a *Joint Motion To Dismiss Indictment On The Basis Of Res Judicata, Collateral Estoppel And Waiver* (Docket No. 113). In a nutshell, the defendants moved for the dismissal of all counts of the *Indictment* on the grounds that, on July 28, 2008, a settlement agreement was reached with the United States of America ("Government"), in a civil *in rem* forfeiture case filed against: (a) Citibank, Account No. XXX–XXX–5471, Branch Doral Boulevard Miami, Florida Account # 3200335471; (b) Centro Médico Angeles de Vida; (c) Teresa Rius; (d) Oreste Alonso; (e) Centro Médico Angeles de Vida (Counter–Claimant): (f) Teresa Rius (Counter–Claimant); (g) Oreste Alonso (Counter–Claimant); (h) Citibank, Account No. XXX–XXX–5471, Branch Doral Boulevard Miami, Florida Account # 3200335471; and (i) United States of America (Counter–Defendant). Defendants allege that the dismissal of the *Indictment* is warranted based on the language used by the Court in the *Final Judgment* (Docket No. 53, Civil No. 06–1992(JP)), "This Judgment is a release from all causes of action exercised in the Complaint and Claimants' counter-claim, and all causes of action that could follow or emanate from the facts stated therein."

On August 18, 2008, the Government filed the *United States' Opposition To Defendants' Joint Motion To Dismiss Indictment On The Basis Of Res Judicata, Collateral Estoppel, And Waiver* (Docket No. 114). The Government argues that "a civil settlement and release of claims does not bar a criminal action because the Government may have both a civil and criminal cause of action as a result of a single factual situation." (Docket No. 114, page 4). "Moreover, the Double Jeopardy Clause does nor bar criminal prosecution even after a civil forfeiture action has been completed and has resulted in the forfeiture of valuable property." (Docket No. 114, page 4). Defendants filed a *Reply To Government's Opposition To The Motion To Dismiss Indictment* on August 21, 2008 (Docket No. 117). As to defendants' reply, the Magistrate Judge stated in the *Report And Recommendation* that "[t]he Court did not grant defendants leave for said filing and same is not meritorious." (Docket No. 121, page 2).[1] However, even

---

1. The Court clarifies that no order was entered on defendants' *Motion For Leave To File A Reply* (Docket No. 117), as said motion together with other pending motions (Docket entries No. 113, 114, 116 and 117) were referred to the Magistrate Judge for her consideration on August 28, 2008 (Docket entries No. 119 and 120). The Court record shows that the *Report And Recommendation* was entered on September 8, 2008 (Docket No. 121).

if the Court were to consider the defendants' reply, it will not alter the final ruling of this Court.

### Applicable Law and Discussion

### A. A Civil Claim v. A Criminal Prosecution.

Defendants' argue that the dismissal of the *Indictment* is warranted under the *res judicata* and *collateral estoppel* doctrines, on the grounds that the charges of the *Indictment* are the same as the claim set forth in the civil forfeiture action; the same parties, and the above cited language included in the *Final Judgment* approving the settlement agreement reached by the parties in the civil *in rem* forfeiture case, Civil No. 06–1992 (JP), releasing the defendants of "all causes of action that could follow or emanate from the facts stated therein." The defendants rely on *United States v. Cunan*, 156 F.3d 110, 114 (1st Cir.1998). In its opposition, the Government explained why *Cunan* stands for an opposite proposition. "This case stands for the proposition that an indictment which contains a criminal forfeiture proceeding depending on the circumstances of the case, but it does not stand for the proposition that a criminal indictment will be dismissed based on a settlement of a civil forfeiture action. In fact, the case [*Cunan* ] actually holds that a civil forfeiture proceeding settlement will not bar criminal prosecution." (Docket No. 114, page 4).

In *Cunan*, 156 F.3d at 114, the Court made a thorough analysis to distinguish a civil claim from a criminal prosecution. The issue in *Cunan* was whether *res judicata* was applicable to bar a criminal forfeiture action on properties that have been subject of an *in rem* civil forfeiture action involving the same properties, and wherein a final judgment had been issued. In *Cunan*, the Court held:

[A] prosecution and a claim for a civil remedy are distinct causes of action that may be pursued independently. As a general matter, this assertion seems supported by precedent and logic. Ample authority is available for the proposition that "civil and criminal proceedings, although based upon the same facts, do not involve the same cause of action, [and] a judgment in one proceeding is not *res judicata* . . . in the other proceeding. 1B *Moore's Federal Practice* ¶ 0.418[1] (2d ed. 1993); see also *Restatement (Second) of Judgments* § 85 (comment a) ("A prosecution and a claim for a civil remedy are regarded as separate causes of action that may be independently pursued . . . ."); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4474, at 748 (1981) ("Wright & Miller") ("Claim preclusion does not extend from criminal prosecutions to civil actions."); *United States v. Parcels of Real Property*, 913 F.2d 1, 4 (1st Cir.1990) (rejecting defendant's argument that his state narcotics convictions should have no collateral estoppel effect, in part because they were on appeal, because, inter alia, civil forfeiture proceeding is independent of related criminal prosecution); *United States v. Mumford*, 630 F.2d 1023, 1027 (4th Cir.1980) (*res judicata* inapplicable between SEC proceeding for injunctive relief and criminal convictions).

. . .

Because criminal and civil remedies cannot be pursued in the same proceeding, it would seem unjust for the failure to seek both at the same time to trigger res judicata consequences. See 18

---

On September 10, 2008, the Magistrate Judge entered an *Order* finding as moot, defendants'

*Motion For Leave To File A Reply* (Docket No. 122).

Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, § 4407, at 51 ("[C]laim preclusion cannot extend beyond the limits of an action that can be brought before a single court."); *id.* at § 4474, at 748 ("Our traditional division between civil and criminal procedure does not contemplate any opportunity for joining any civil claim with the criminal prosecution."); *Massachusetts School of Law at Andover v. American Bar Ass'n*, 142 F.3d 26, 38 (1st Cir.1998) ("[R]es judicata will not attach if the claim asserted in the second suit could not have been asserted in the first.") ...

■ The controversy in the instant case is distinguishable from *Cunan*, as defendants herein are moving for the dismissal of the *Indictment* based on a civil judgment entered in an *in rem* civil forfeiture action, under the *res judicata* doctrine. It is well settled that a criminal prosecution pursued through an indictment is a different and distinct cause of action from a civil claim, simply, because the remedies requested are different and cannot be pursued in the same cause of action. Moreover, the situation is particularly distinguishable in the instant case, as the civil action is an *in rem* forfeiture action, as opposed as the criminal prosecution which is an *in personam* cause of action against defendants Alonso and González Rius.

### B. Applicability of *Res Judicata* and *Collateral Estoppel.*

■ The Court agrees with the legal analysis made by the Magistrate Judge in the *Report And Recommendation* (Docket No. 121, pages 2–6), as to the non-applicability of the doctrines of *res judicata* and *collateral estoppel,* as grounds to dismiss the instant *Indictment.* The Court pro-

vides a succinct restatement of the well developed argument of the Magistrate Judge.

■ The judgment entered in the *in rem* civil action related to the instant case is the alleged basis for the defenses of the *res judicata* and *collateral estoppel.* The instant case, as opposed to the *in rem* civil action, is an *in personam* criminal case. Hence, the parties are different in each case, and the cause of action is also different. Further, in *United States v. Brekke,* 97 F.3d 1043 (8th Cir.1996), a civil settlement involving the Small Business Administration of the United States failed to preclude a criminal false claim action, notwithstanding a broad civil release, which did not include criminal actions. Moreover, and most critical, in *United States v. Cunan,* 156 F.3d at 115, the strongly relied authority upon by defendants, the court stated that "civil and criminal proceedings, although based on the same facts, **do not involve** the same cause of action, [and] a judgment in our proceeding is not *res judicata* ... in the other proceedings." Further, *United States v. Parcels of Real Property with Bldg.* ...., 913 F.2d 1, 4 (1st Cir.1990), clearly stands for the proposition that civil forfeiture proceedings are independent of related criminal proceedings. Moreover, the Double Jeopardy Clause does not bar criminal prosecution after a civil forfeiture action ensues, if it has resulted in the forfeiture of valuable property. *United States v. Ursery,* 518 U.S. 267, 291–292, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996).

■ Hence, because defendant cannot comply with the three requirements of *res judicata* [2] or claim preclusion, the request

---

**2.** The three requirements are: (1) "there be a final judgment on the merits;" (2) "sufficient identity exists between the parties in the earlier and later suits;" (3) "sufficient identity between the causes of action in the two suits." *United States v. Cunan,* 156 F.3d at 114 (other

must necessarily fail, and the motion must be denied.

### Conclusion

For the reasons set forth above, the Court finds no plain error in the findings and legal analysis made by the Magistrate Judge, as supplemented herein. Hence, the Court hereby **ADOPTS** *in toto* the *Report and Recommendation* of the Magistrate Judge dated September 8, 2008 (Docket No. 121).

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

CAMILLE L. VELEZ–RIVE, United States Magistrate Judge.

### INTRODUCTION

On December 15, 2006, the original Indictment was returned solely as to co-defendant Oreste Alonso ("Alonso"). (Docket No. 1). On July 11, 2007, the Superseding Indictment was returned charging defendants Alonso and Teresa González Rius ("González") with violations to Title 18, *United States Code*, Sections 1347 and 1035. Count thirty-eight of said Superseding Indictment is the criminal forfeiture of proceeds obtained by the claimed fraud under Section 981(a)(1)(c), seeking to recover $1,649,024.57, obtained by defendants in Medicare reimbursements as a result of the fraud charged in the previous counts. (Docket No. 36).

On August 13, 2008, defendants Alonso and González filed a Motion to Dismiss claiming the Superseding Indictment is precluded by res judicata/collateral estoppel. (Docket No. 113). Counsel for defendants, Arty. Lorenzo Palomares Starbuck,

seeks to obtain dismissal of the totality of a thirty-eight count Indictment for Medicare fraud and false statements based on prior civil forfeiture action wherein final judgment was entered. Counsel argues res judicata and/or collateral estoppel defenses under the alleged rationale of *United States v. Cunan*, 156 F.3d 110, 116 (1st Cir.1998) preclude the criminal charges filed against herein defendants Alonso and González.

In essence, herein defendants Alonso and González argue res judicata effects upon judgment which was entered dismissing all claims by surrendering sixty percent of the amounts in a bank account held at Citibank, Branch Doral Boulevard Miami, Florida, for $476,283.61 and allowing defendants forty percent for their claims under the Equal Access to Justice Act.[1]

The government filed its opposition to the Motion to Dismiss (Docket No. 114) and defendants filed a reply (Docket No. 117). The Court did not grant defendants leave for said filing and same is not meritorious.

On August 28, 2008, these motions were referred to the undersigned for report and recommendation (Docket No. 119).

### LEGAL DISCUSSION

 Res judicata bars a party from asserting claim in court if three requirements are met: 1) prior judgment was rendered by a court of competent jurisdiction; 2) decision was final judgment on merits; and 3) same cause of action and same parties or their privies were involved in both cases. Similarly, doctrine of "collateral estoppel," or "issue preclusion,"[2]

---

citations omitted). In the instant case, the defendant fails to meet the last two criteria.

**1.** Title 28, *United States Code*, Section 2412.

**2.** Collateral estoppel operates to prevent relitigation of issues actually litigated between same parties in a suit on a different cause of action whereas *res judicata* precludes litiga-

provides that when issue of ultimate fact has been determined by valid and final judgment, that issue cannot again be litigated between same parties in another lawsuit.

The settlement in the prior case was obtained upon final judgment entered in Civil No. 06–1992(JP). The supporting document to obtain the *in rem* proceedings as to the bank account monies, from where the amount seized was finally settled in Civil No. 06–1992(JP), referred to one Lázaro Sardinas as owner and operating through Centro Médico Angeles de Vida ("CMAV"). In turn, herein defendants Alonso and González appear in the Superseding Indictment charged for the commission of federal offenses while being employed by CMAV. Alonso as manager and/or director, who handled the billing for said CMAV, and González also employed by CMAV as authorized or delegated official and handling billings, related to having incurred in health care fraud, aiding and abetting each other, submitted and caused to be submitted to Medicare false and fraudulent claims. *Count One, Superseding Indictment.* Counts Two through Twenty–Three charge the false statements allegedly made by these defendants. Likewise as to counts Twenty Four through Thirty–Seven.

Still, defendants Alonso and González filed their respective individual claims in the *in rem* action of the bank account monies as claimants so they be allowed to withdraw amounts from the account seized since the corporation CMAV had agreed to indemnify them for the cost of litigation

and legal defense due to their positions as treasurers which eventually resulted in becoming defendants in Criminal No. 06–394 (DRD).

As such, these defendants' participation in the civil proceedings was solely as claimants to a portion of the funds seized by the government from CMAV and one Lázaro Sardinas under the Equal Access to Justice Act. Thus, at first glance, there is lack of compliance with res judicata requisites in that prior civil judgment involved same cause of action and same parties or their privies were involved in both cases in similar capacities.

Provided this Court may be able to determine the same parties were involved in both proceedings, the *in rem* civil action and defendants in the instant criminal action, it is clear that therein claimants Alonso and González cannot argue the *in rem* proceedings in said former civil case related to the same cause of action, for which the averment that said civil action may preclude later criminal prosecution seems contrary to relevant law.

As such, defendants Alonso and González cannot establish both actions are based on same facts or that both have punishment as their object.

A civil forfeiture is not deemed a punishment and is considered compensatory rather than punitive. "Actions in rem have traditionally been viewed as civil proceedings, with jurisdiction dependent upon seizure of a physical object", *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 684, 94 S.Ct. 2080, 2092, 40 L.Ed.2d 452 (1974).[3] These separate actions also serve

---

tion in a second suit on same cause of action between the same parties not only of all issues which were raised in the first suit but of all issues which could have been raised.

**3.** The weight of authority seems to support the proposition that forfeiture *in rem* actions, such as the present one, are essentially civil in

nature, and should not be burdened with the attributes of a criminal action. *See Various Items of Personal Property v. United States,* 282 U.S. 577, 580, 51 S.Ct. 282, 75 L.Ed. 558 (1931); *Helvering v. Mitchell,* 303 U.S. 391, 400, 58 S.Ct. 630, 82 L.Ed. 917 (1938) (Congress may impose criminal and civil sanctions

different societal interests and could not have been joined in same lawsuit. *See United States v. Brekke,* 97 F.3d 1043 (8th Cir.1996) (settlement agreement reached in Small Business Administration's action to recover losses arising from loan transaction under False Claims Act did not relieve defendants of criminal responsibility for their actions; although agreement contained "catch-all" release of "any or all statutory or common-law causes of action," it did not mention crimes, criminal actions, prosecution, or similar concepts).[4] *See United States v. Cunan,* 156 F.3d at 115 ("Claim preclusion does not extend from criminal prosecutions to civil actions"); *United States v. Parcels of Real Property,* 913 F.2d 1, 4 (1st Cir.1990) (rejecting defendant's argument that his state narcotics convictions should have no collateral estoppel effect, in part because they were on appeal, because, *inter alia,* civil forfeiture proceeding is independent of related criminal prosecution); *United States v. Mumford,* 630 F.2d 1023, 1027 (4th Cir.1980) (*res judicata* inapplicable between SEC proceeding for injunctive relief and criminal convictions).

Counsel for defendants' reading of *Cunan,* as precluding total criminal prosecu-

tion and in support of dismissal of the Superseding Indictment, including these defendants' fraud and false statements charges, because of a prior civil forfeiture *in rem* proceedings is too generous and wrongly perceives the law and the facts of both proceedings.[5] In *Cunan,* the Court of Appeals for the First Circuit indicated *res judicata* **precluded criminal forfeiture of properties that were subject of civil forfeiture proceedings dismissed with prejudice,** given that proceedings involved the same parties, the civil proceedings had ended with a final judgment, and the causes of action were aimed at forfeiture of same properties. (Emphasis supplied).

■ There might, of course, be some other concerns if the government seeks to forfeit the same property twice, having already obtained relief by seizure in the *in rem* proceedings due to Medicare fraud of $476,283.61, and now seeking to obtain redress upon conviction of defendants for a loss of $1,649,024.57 as asserted in Count Thirty–Eight of the criminal forfeiture in Count Thirty–Eight in this case.[6] Nevertheless, that is not a problem presented by counsel nor is one ripe for adjudication at this juncture since a conviction is required

and since sanction imposed was civil, double jeopardy was inapplicable).

4. As a general matter, the assertion is that a prosecution and a claim for civil remedy are distinct causes of action that may be pursued independently. 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4474, at 748 (1981).

5. *Cunan* is not an easy case and can only be understood in its peculiar factual context. *See United States v. Flemmi,* 283 F.Supp.2d 400, 405 (D.Mass.2003).

6. *See United States v. Ursery,* 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996) (civil forfeitures do not constitute punishment under the Double Jeopardy clause); *United*

States v. Ward, 448 U.S. 242, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980) disallowing *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) (inquiry as to statutory penalty of civil or criminal nature requires two level examination, whether Congress, in establishing the penalizing mechanism, indicated or implied a preference for one label or another and, where Congress has indicated an intention to establish a civil penalty, if the statutory scheme is so punitive either in purpose or effect as to negate that intention). Defendants herein have not prompted a serious discussion of such punitive nature of the civil *in rem* action *vis a vis* the potential criminal forfeiture and this court need not at this stage fill such a void. *See also Hudson v. United States,* 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997).

306

for the criminal forfeiture of Count Thirty–Eight to proceed. *See United States v. Iacaboni*, 363 F.3d 1, 6 fn. 8 (1st Cir. 2004).[7]

## CONCLUSION

In light of the above discussion, it is recommended that defendants' request for dismissal of all counts in the Superseding Indictment under res judicata or collateral estoppel grounds (Docket No. 113) be DE-NIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress-rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 8th day of September of 2008.

---

**7.** The government's burden of proof for money laundering forfeitures under 18 U.S.C. 982(a)(1) is "preponderance of the evidence." *Cunan*, 156 F.3d at 116 & n. 7 ("In a criminal forfeiture [pursuant to 18 U.S.C. 982 and 21 U.S.C. 853], the government must show by a preponderance of the evidence that the defendant's property is forfeitable."); *see also United States v. Voigt*, 89 F.3d 1050, 1082 (3d Cir.1996) preponderance of the evidence, rather than proof beyond a reasonable doubt, governs government's proof of forfeiture allegations under 18 U.S.C. 982(a)(1).