**UNITED STATES of America,**
**Plaintiff, Appellee,**

v.

**A PARCEL OF LAND WITH A BUILD-ING LOCATED THEREON AT 40 MOON HILL ROAD, NORTHBRIDGE, MASSACHUSETTS, Defendant, Appellant.**

**No. 89–1191.**

United States Court of Appeals,
First Circuit.

Heard Aug. 2, 1989.

Decided Sept. 1, 1989.

Alan R. Finer, for defendant, appellant.

Jeffrey S. Robbins, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., was on brief for the U.S.

Before CAMPBELL, Chief Judge, and BOWNES, Circuit Judge, and GARRITY,* Senior District Judge.

LEVIN H. CAMPBELL, Chief Judge.

This is an appeal from a judgment of forfeiture in an action brought in the District Court of Massachusetts by the United States under 21 U.S.C. § 881(a)(7). The United States had moved for summary judgment on the ground that, by reason of a criminal conviction in state court for criminal possession and intent to manufacture or distribute marijuana, the appellants [1] were collaterally estopped from denying that they possessed marijuana with intent to manufacture or distribute and that the land and buildings subjected to the forfeiture action were used in the cultivation and possession of that marijuana. Summary judgment was granted, and, pursuant to the statute, forfeiture of the entire plot of land upon which the cultivation had taken place was ordered. The facts are set forth in the opinion of the district court published at 721 F.Supp. 1, and we will not repeat them here. We have reviewed each of the arguments brought up on appeal and find them to be without merit. We affirm the judgment of the district court for reasons substantially the same as those stated in the district court's

---

* Of the District of Massachusetts, sitting by designation.

1. Because this is an *in rem* proceeding, the appellant is technically the parcel of land, but for ease of reference throughout, we will use the term "appellants" to refer to the owners of the land.

opinion. We add the following response to certain arguments made by the appellants in order to clarify our position on two issues—Double Jeopardy and proportionality—in the context of drug-related civil forfeiture actions brought under 21 U.S.C. § 881(a)(7).

## I.

■ For at least three reasons, the recent case of *United States v. Halper*, — U.S. —, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) is inapplicable. (In *Halper*, the Supreme Court held that a civil penalty under the federal civil False Claims Act would constitute punishment if it were so large as to be totally divorced from the Government's actual damages and expenses. Such a punishment would violate the Double Jeopardy clause of the Fifth Amendment if there were an earlier federal criminal conviction for the same offense.)

1. Prior to *Halper*, the Supreme Court had specifically held that the doctrine of Double Jeopardy does not apply to a civil forfeiture proceeding like the present. In *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 362, 104 S.Ct. 1099, 1104–1105, 79 L.Ed.2d 361 (1984), the Supreme Court held that a civil *in rem* forfeiture proceeding directed at property after disposition of a criminal case based on the same facts was not barred by the doctrine of Double Jeopardy. Only when a particular forfeiture proceeding is "essentially criminal in character" does the Double Jeopardy Clause apply. The forfeiture statute vindicated in that case was very similar in character to 21 U.S.C. § 881, the statute invoked in the forfeiture proceedings that are the subject of the instant appeal.

This Circuit has likewise rejected the argument that the forfeiture provisions of 212 U.S.C. § 881 trigger the panoply of constitutional safeguards present in criminal actions, reaffirming that this statute is "predominantly civil in nature." *United States v. $250,000 in United States Currency*, 808 F.2d 895, 900 (1st Cir.1987). *See also United States v. One 1974 Porsche 911–S Vehicle*, 682 F.2d 283, 285 (1st Cir.1982) ("A forfeiture proceeding is a civil, *in rem* action that is independent of any factually related criminal actions.")

■ 2. The doctrine of Double Jeopardy does not apply to suits brought by separate sovereigns, even if both are criminal suits for the same offense. The appellants were convicted for possession of marijuana with intent to distribute and for the cultivation of marijuana in the Superior Court of the Commonwealth of Massachusetts, a sovereignty separate from the federal government. Therefore, even if the federal government had brought a *criminal* case against the appellants on the basis of the same acts, such a case would not be barred by Double Jeopardy. *Heath v. Alabama*, 474 U.S. 82, 106 S.Ct. 433, 437–39, 88 L.Ed.2d 387 (1985); *United States v. Lopez Andino*, 831 F.2d 1164, 1168 (1st Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 2018, 100 L.Ed.2d 605 (1988).

3. Forfeiture of the entire property is a justifiable means to remedy the injury to the government itself that results from illegal marijuana operations; hence the forfeiture would be unlikely to constitute a "punishment" for purposes of the Double Jeopardy Clause. The Supreme Court has frequently held that one important difference between criminal and civil penalties is that the former are primarily punitive or deterrent in their purpose—calculated to "vindicate public justice,"—while civil penalties are primarily remedial and designed to "protect the government from financial loss." *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 548–49, 63 S.Ct. 379, 386, 87 L.Ed. 443 (1943). Numerous varieties of civil penalties have been upheld on the basis that their magnitude did not greatly exceed a reasonable estimate of the loss or injury to the government resulting from the infraction that brought about the civil penalty. *United States v. Halper*, — U.S. —, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) (civil penalties under the federal False Claims Act do not constitute a punishment in violation of the doctrine of Double Jeopardy as long as they are not totally disproportionate to the government's damages and expenses in connection with the

fraud); *Helvering v. Mitchell,* 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938) (a 50 percent penalty for the underpayment of taxes represents a reimbursement to the government for investigatory and other costs of taxpayer fraud); *United States ex rel. Marcus v. Hess,* 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (1943) (civil penalties in the amount of $2,000 for each violation plus double the amount of actual damages and the costs of the suit, assessed pursuant to 31 U.S.C. § 3730(b) to those guilty of defrauding the government, were appropriate because they represented an approximation of the actual loss to the government plus the ancillary costs of detection, investigation, bringing suit, and so forth); *Rex Trailer Co. v. United States,* 350 U.S. 148, 76 S.Ct. 219, 100 L.Ed. 149 (1956) (civil penalties for fraud under the Surplus Property Act of 1944, 58 Stat. 765, were upheld because they were not unreasonable or excessive as a measure of recovery to remedy the government's injury); *One Lot Emerald Cut Stones and One Ring v. United States,* 409 U.S. 232, 237, 93 S.Ct. 489, 493, 34 L.Ed.2d 438 (1972) (customs forfeiture "provides a reasonable form of liquidated damages for violation of the inspection provisions and serves to reimburse the government for investigation and enforcement expenses").

We thus conclude that even if the original criminal proceeding in the case at bar had been brought by the same sovereign, and even if the other authorities mentioned above did not apply, the civil forfeiture proceeding under 21 U.S.C. § 881(a)(7) would *still* not constitute a "punishment" for purposes of the Double Jeopardy clause. Even for an infraction of the narcotics laws far smaller in magnitude than that of appellants, forfeiture of the entire tract of land upon which the drugs were produced or possessed with intent to distribute is justifiable as a means of remedying the government's injury and loss. The ravages of drugs upon our nation and the billions the government is being forced to spend upon investigation and enforcement—not to mention the costs of drug-related crime and drug abuse treatment, rehabilitation, and prevention—easily justify a recovery in excess of the strict value of the property actually devoted to growing the illegal substance, in this case marijuana.

## II.

■ At oral argument appellants made efforts to convince us that their infraction was de minimis and that it was unfair to deprive them of their entire plot of 17.9 acres of land, including their home and other structures thereon. They invoked the Eighth Amendment prohibition against "cruel and unusual punishments," and sought to demonstrate that a civil forfeiture of their land and buildings amounted not only to a punishment but to one that was disproportionate to the magnitude of their illegal acts. The offense of appellants that triggered the forfeiture proceedings is defined in 21 U.S.C. § 841(a)(1) as "to manufacture ... or possess with intent to ... distribute ... a controlled substance." Because appellants did not make the disproportionality argument in their appellate brief, they waived this point, even though it comprised the main thrust of their oral argument to this court. *See Pignons S.A. de Mecanique v. Polaroid Corp.,* 701 F.2d 1, 3 (1st Cir.1983) ("appellant generally may not preserve a claim merely by referring to it in a reply brief or at oral argument"). Even had this argument not been waived, however, it fails for two reasons:

1. The illegal acts of the appellants were clearly not de minimis. The Northbridge Police Department seized from appellants' property approximately eighty live marijuana plants about four to six feet high and approximately fifty drying marijuana plants about four feet in height, as well as marijuana seed. The plants were being grown in three separate fields, were being dried on a homemade "drying rack" in the home, and were being stored in both the home and in an open machinery shed. Far from a de minimis violation, this evidence is consistent with a large-scale, high-volume marijuana production operation, carried out on several segments of appellants' property.

2. Both the statute and the case law authorize forfeiture proceedings against the *entire* tract of land, regardless of the magnitude of the infraction. The statute calls for the forfeiture of

> [a]ll real property, including any right, title, and interest ... in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment. . . .

21 U.S.C. § 881(a)(7).

The statute thus calls for the forfeiture of the entire tract of land used in the violation of the statute. Forfeiture has been enforced even for truly de minimis infractions, *see United States v. Premises Known as 3639 2nd Street, Northeast, Minneapolis, Minnesota,* 869 F.2d 1093 (8th Cir.1989) ("if persons make real property available as a situs for an illegal drug transaction, it is forfeitable, ...", *id.* at 1096; "Nor do we find merit in any underlying 'de minimis' argument that the sale of a relatively small amount of cocaine does not warrant forfeiture of the house.... We find the proportionality between the value of the property and the severity of the injury inflicted by its use to be irrelevant," *id.*). The Supreme Court has approved enforcement even in the situation where the actual owner of the property did not know of the violation, *see Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 682–88, 94 S.Ct. 2080, 2091–94, 40 L.Ed.2d 452 (1974) (yacht forfeited by owner on basis of marijuana found on board while yacht was in possession of the lessee under a Puerto Rican statute modeled after 21 U.S.C. § 881, but with no exception for owners who can show the violation was committed without their knowledge or consent). *See also United States v. One 1982 28' Int'l Vessel,* 741 F.2d 1319, 1322 (11th Cir.1984); *United States v. One 1976 Porsche 911–S,* 670 F.2d 810, 812 (9th Cir.1979).

Thus, while appellants' infraction is plainly not de minimis, there appears to be little support for such an argument in any event.

*Affirmed.*