**UNITED STATES of America, Plaintiff,**

v.

**UNITED STATES FISHING VESSEL MAYLIN, including her fishing gear, furniture, engines, appurtenances, stores and cargo, and The Proceeds from the Sale of 431 Pounds of Fish and 377 Pounds of Lobster and Lobster Tails, More or Less, to Wit $1,942.40, Defendant.**

No. 89–10056–CIV.

United States District Court,
S.D. Florida.

Nov. 8, 1989.

B.J. Throne–Conte, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Michael H. Tarkoff, Miami, Fla., for claimant Torres.

ORDER DENYING CLAIMANT'S
MOTION TO DISMISS

JAMES LAWRENCE KING, Chief Judge.

Claimant of the above-captioned property moves this court to dismiss this case, because he contends forfeiture would violate double jeopardy. The Government's response to this motion references and incorporates its own motion to strike Claimant's claim and motion to dismiss; the court will not consider that part of the Government's response and will instead decide that motion after Claimant has had an opportunity to respond to it. Herein, the court will rule

only on the double jeopardy argument, to which both sides have had an opportunity to respond.

Claimant here was convicted for certain fish and game violations under the Lacey Act, 16 U.S.C. sections 3372(a)(3)(A) and 3373(d)(1)(B), which sections represent class D felonies. Subsequently, the Government instituted this action for civil forfeiture under 16 U.S.C. section 3374(a)(2) against Claimant's boat and its appurtenances. Claimant moves to dismiss the instant proceedings, as they relate to the vessel, on the ground that they seek a second punishment for the conduct prosecuted in the criminal case against Claimant and therefore violate double jeopardy.

*United States v. Halper,* — U.S. —, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), constitutes controlling authority on double jeopardy ramifications of civil proceedings. In that case, the Court found that a civil fine, sought subsequent to a criminal prosecution arising from the same conduct, may violate double jeopardy. *Halper,* 109 S.Ct. 1892. To ascertain whether or not a double jeopardy problem exists, a court should rely not on "civil" or "criminal" labels, but rather must explore the substance of the second proceeding to discern whether it seeks remedial or remunerative relief, or is punitive, retributive, and deterrent in nature ("punishment" implicating double jeopardy concerns). *Halper,* 109 S.Ct. at 1901–02. When it explores the substance of the civil proceeding, the court must do "rough justice," *Id.* at 1902: "We acknowledge that this inquiry will not be an exact pursuit.... [I]t would be difficult if not impossible in many cases for a court to determine the precise dollar figure at which a civil sanction has accomplished its remedial purpose of making the Government whole, but beyond which the sanction takes on the quality of punishment.... Our upholding reasonable liquidated damages clauses reflects this unavoidable imprecision." *Id.*

The court must proceed on the general rule, however, that

"[w]here a defendant previously has sustained a criminal penalty and the civil penalty sought in the subsequent proceeding bears no *rational relation to the goal of compensating the Government for its loss,* but rather appears to qualify as 'punishment' in the plain meaning of the word, then the defendant is entitled to an accounting of the Government's damages and costs to determine if the penalty sought in fact constitutes punishment."

*Id.* (emphasis added). Thus, this court must determine whether civil forfeiture of Claimant's boat and its appurtenances rationally relates to compensation of the Government. In so doing, the court can do only the rough justice—hazard an informed opinion—as suggested by the Supreme Court.

The Government may be entitled to compensation on more than one front. First, the United States expended investigation and enforcement resources in this case. *See One Lot Emerald Cut Stones v. United States,* 409 U.S. 232, 238, 93 S.Ct. 489, 493, 34 L.Ed.2d 438 (1972); *United States v. Halper,* — U.S. —, 109 S.Ct. 1892, 1900, 104 L.Ed.2d 487 (1989). Second, Claimant did damage to the wildlife which the violated regulations sought to protect. *See United States v. A Parcel of Land With a Building Located Thereon at 40 Moon Hill Road, Northbridge, Massachusetts,* 884 F.2d 41, 44 (1st Cir.1989).

The dollar value of the boat subject to forfeiture (and the item which the parties dispute here) amounts to fifty-five thousand dollars ($55,000.00). In light of the foregoing, and on this motion to dismiss, the court cannot say that that figure represents an amount not rationally related to injury caused to the Government. Thus, the court finds that possible forfeiture of the boat would act to compensate the Government and would not constitute punishment so that double jeopardy would bar the instant proceedings. Accordingly, after careful consideration, the court

ORDERS and ADJUDGES that Claimant's motion to dismiss is DENIED.

DONE and ORDERED.