**UNITED STATES of America,
Plaintiff, Appellee,**

v.

**LAND AND BUILDING AT 2 BURDITT STREET, EVERETT, MASSACHU- SETTS, Defendant, Appellee,**

**Appeal of David PASCARELLA, Claimant, Appellant.**

**No. 90–1309.**

United States Court of Appeals, First Circuit.

Heard Sept. 6, 1990.

Decided Jan. 30, 1991.

---

Frances L. Robinson, for claimant, appellant.

Christopher F. Bator, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., was on brief for plaintiff, appellee.

Before BREYER, Chief Judge, VAN GRAAFEILAND,* Senior Circuit Judge, and TORRUELLA, Circuit Judge.

VAN GRAAFEILAND, Circuit Judge.

David Pascarella appeals from a summary judgment of the United States District Court for the District of Massachusetts granting forfeiture to the government of Pascarella's house and lot on Burditt Street in Everett, Massachusetts. The forfeiture proceeding was brought pursuant to 21 U.S.C. § 881(a)(7), which makes subject to forfeiture "[a]ll real property ... which is used ... to facilitate the commission of a violation of [the Controlled Substances Act] punishable by more than one year's imprisonment...."

The drug transactions giving rise to the forfeiture occurred during December 1988 and January 1989. Prior to that time, Pascarella, a carpenter by trade, had begun remodelling the Burditt Street house to change it from a one-family to a two-family dwelling. Despite his arrest on January 10, 1989, Pascarella continued working on

---

* Of the Second Circuit, sitting by designation.

the house. Between January 10 and the commencement of the forfeiture action on October 6, 1989, Pascarella had installed improvements allegedly costing $11,972 and had performed labor having an estimated worth of $30,678.90. Pascarella does not contest in this court the government's right to bring the forfeiture action but contends that the improvements made after January 10, 1989 did not fall within the section 881(a)(7) definition of real property which is used to facilitate a violation of the Controlled Substances Act. He therefore seeks reimbursement from the government for the value of his improvements. Neither party has provided the court with informative precedent in this unusual case, and our own research has been equally unproductive. However, we are satisfied that the district court reached the correct result in summarily denying Pascarella's claim.

■ Pursuant to 21 U.S.C. § 881(h), all "right, title, and interest" in Pascarella's property vested in the United States upon commission of the acts giving rise to the forfeiture. In actuality, this ownership was "fictive" in nature and was not consummated until the judgment of forfeiture was entered. See Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 109 S.Ct. 2646, 2653, 105 L.Ed.2d 528 (1989); id. 109 S.Ct. at 2672, 2676–77 (Blackmun, J., dissenting). The traditional theory upon which this statutory scheme is based is that the property itself was guilty of wrongdoing and was "tainted" because of its connection with the alleged offense. Caplin & Drysdale, supra, 109 S.Ct. at 2653; United States v. United States Coin & Currency, 401 U.S. 715, 719–20, 91 S.Ct. 1041, 1043–44, 28 L.Ed.2d 434 (1971). So long as this taint existed, the defendant, who was responsible for its creation, could not retain or acquire any interest in the property. Section 881(a) specifically provides that, where properties are subject to forfeiture, "no property right shall exist in them." As this court stated in United States v. Kingsley, 851 F.2d 16 (1st Cir. 1988), prior to the time of forfeiture, the property is "in a kind of limbo—belonging totally to neither the defendant nor the government...." Id. at 20.

■ In view of section 881's broad language, the parties' extensive discussion of Massachusetts' law of fixtures is of little relevance. The law is well settled that, in a forfeiture proceeding under section 881(a)(7), property in its entirety is forfeitable even if only a portion of it was used for illegal purposes. See, e.g., United States v. A Parcel of Land, 884 F.2d 41, 44–45 (1st Cir.1989); United States v. Harris, 903 F.2d 770, 777 (10th Cir.1990). This "is justifiable as a means of remedying the government's injury and loss" resulting from the "ravages of drugs upon our nation." United States v. A Parcel of Land, supra, 884 F.2d at 44. It is undisputed that, when the forfeiture proceeding was brought against Pascarella's property, the improvements made by Pascarella already had become an integral part of his house, a "tainted" property under the federal statute. It therefore was subject to forfeiture.

The same rule might not apply to a proceeding under section 881(a)(6), which provides for the forfeiture of things of value purchased with proceeds of the unlawful sale of a controlled substance. See United States v. Pole No. 3172, Hopkinton, 852 F.2d 636, 639–41 (1st Cir.1988); United States v. One 1980 Rolls Royce, 905 F.2d 89, 90–92 (5th Cir.1990); United States v. One Parcel of Real Property, 705 F.Supp. 710, 715 (D.R.I.1989). However, we are concerned here with subdivision (a)(7) of section 881, not subdivision (a)(6).

■ The district court held that the government did not unreasonably delay in bringing its forfeiture action. We agree. However, we question whether this issue always can be disposed of by simply referring, as the district court did, to the five-year statute of limitation contained in 19 U.S.C. § 1621 and also in 28 U.S.C. § 2462. These sections provide that a forfeiture action cannot be brought after a lapse of five years; not that forfeiture may be commenced at any time within five years.

■ Because section 881 forfeitures are civil in nature, the duration of the period of

taint or limbo is not determined by the outcome of related criminal proceedings against the defendant title holder. *One Lot Emerald Cut Stones and One Ring v. United States*, 409 U.S. 232, 234–37, 93 S.Ct. 489, 491–93, 34 L.Ed.2d 438 (1972); *United States v. One 1974 Porsche*, 682 F.2d 283, 285 (1st Cir.1982). This means that a forfeiture proceeding may be brought against a property the owner of which already has been tried and acquitted on the charge giving rise to the forfeiture or who never may be tried on that charge. *See United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 366, 104 S.Ct. 1099, 1107, 79 L.Ed.2d 361 (1984). Given this lack of association, an unexplained delay of up to five years in asserting and adjudicating the existence and validity of a retroactive property taint and limbo might well have due process implications. *See United States v. One Motor Yacht Named Mercury*, 527 F.2d 1112, 1114 (1st Cir. 1975); *United States v. Laurenti*, 581 F.2d 37, 41–42 n. 15 (2d Cir.1978), *cert. denied*, 440 U.S. 958, 99 S.Ct. 1499, 59 L.Ed.2d 771 (1979); *Sarkisian v. United States*, 472 F.2d 468, 471–72 (10th Cir.), *cert. denied*, 414 U.S. 976, 94 S.Ct. 291, 38 L.Ed.2d 219 (1973). There are, however, no due process problems in the instant case.

During oral argument, counsel for the government referred to 19 U.S.C. § 1618 as a possible source of relief from what Pascarella contends is an inequitable result. This section, as interpreted by pertinent rules (28 C.F.R. Part 9), provides for possible mitigation of forfeiture in appropriate cases upon application to the United States Attorney General. *See United States v. One Clipper Bow Ketch Nisku*, 548 F.2d 8, 12 (1st Cir.1977). We have not been asked to determine whether this administrative remedy is available to Pascarella, and, because of the absence of any reference thereto in the record and briefs now before us, we will not attempt to do so.

The judgment of the district court is

AFFIRMED.