UNITED STATES of America, Plaintiff,

v.

ONE PARCEL OF REAL PROPERTY WITH THE BUILDING, APPURTENANCES, AND IMPROVEMENTS LOCATED OFF CASTLE ROAD (SHEET 50, PARCEL 137), TRURO, MASSACHUSETTS, Defendant.

Civ. A. No. 89–0584–C.

United States District Court,
D. Massachusetts.

July 2, 1992.

Roberta T. Brown, Asst. U.S. Atty., Boston, Mass., for U.S.

Evan T. Lawson, Lawson & Wayne, Boston, Mass., for Lisa Marie Casselano.

Christopher Snow, Snow & Snow, Provincetown, Mass., for Seaman's Sav. Bank.

Arthur Croce, Wellfleet, Mass., for Mooney Fuel & Grain Co., Inc.

## MEMORANDUM

CAFFREY, Senior District Judge.

This is an asset forfeiture action brought by the United States of America ("government") against defendant real property in Truro, Massachusetts on March 20, 1989. In its complaint, the government asserts that the property was used, or intended to be used, to commit, or to facilitate the commission of violations of 21 U.S.C. §§ 841(a)(1) and 846, in that it was used to store, conceal, possess, prepare, and distribute quantities of heroin. On April 7, 1989, Lisa Casselano ("claimant") filed a claim as the sole owner of the property.

This matter is before the Court on the government's motion for summary judg-

ment. For the following reasons, this Court concludes that the government's motion for summary judgment should be granted.

## I.

In March 1989, the government filed its forfeiture complaint against the property located off Castle Road, Truro, Massachusetts and supported it with sworn affidavits from Joseph W. Coons, Special Agent of the United States Drug Enforcement Agency, and Warren D. Tobias, Detective for the Provincetown Police Department. As detailed by these affidavits, the relevant facts of this case are as follows. On March 20, 1988, Detective Tobias informed Truro Police Sergeant John Thomas that a reliable confidential informant had advised him that a known narcotics user, Mark Roderick, would be travelling to a residence on Castle Road, Truro, Massachusetts at approximately 9:00 p.m. to purchase heroin. The residence to which he referred was solely owned by Lisa Casselano, the claimant in this action. While conducting surveillance that evening outside this residence, Truro Police officer Kenneth Roderick observed Mark Roderick arrive at the residence at 9:30 p.m. and depart at approximately 11:10 p.m. Because of this surveillance, and the informant's information, the Provincetown police stopped and searched Mark Roderick at approximately 11:20 p.m. During this search, the Provincetown police discovered two bags of heroin and a hypodermic syringe on his person. Based on the above information, Sergeant Thomas applied for and was issued a search warrant for the Casselano residence.

The search warrant was executed on March 21, 1988, at approximately 1:17 a.m. by police officers from the Truro and Provincetown Police Departments. Among those items seized from the residence were one plastic bag containing fifty small bags of white powder stamped "POWER 95," four twenty dollar bills, two hypodermic needles with powder residue, one green felt bag, one black leather bag, one red address book, one silver spoon with a small cotton ball and powder residue, and twenty-six hypodermic needles. Sergeant Thomas conducted a field test for the presence of opium alkaloids on one of the bags of white powder, with positive results. Casselano was then arrested and transported to the Wellfleet Police Station, where she was charged with illegal possession of heroin, possession of heroin with intent to distribute, and possession of hypodermic needles. On March 22, 1988, the fifty seized bags of white powder were transported to the Massachusetts State Laboratory Institute for analysis, which revealed that the powder contained heroin. According to the government at oral argument, the claimant later pleaded guilty to these charges.

## II.

This forfeiture action comes before the Court on the government's motion for summary judgment. According to Fed.R.Civ.P. 56, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Brennan v. Hendrigan,* 888 F.2d 189, 191 (1st Cir. 1989). In a summary judgment motion, the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once this burden has been met, the opposing party must come forward with enough evidence to demonstrate that there is a genuine issue of material fact for trial. *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553.

To apply this standard, the substantive law of asset forfeiture must be analyzed by the Court. In a civil forfeiture action brought under 21 U.S.C. § 881, the government bears the initial burden of establishing probable cause to believe that

the defendant property was "used to facilitate the commission of" an illegal drug transaction. *United States v. Parcels of Real Property at 1933 Commonwealth Avenue*, 913 F.2d 1, 3 (1st Cir.1990) (quoting 19 U.S.C. § 1615, which governs the burden of proof for such actions pursuant to 21 U.S.C. § 881(d)). The government must, therefore, establish probable cause to show that there was a "substantial connection" between the drug activity and the property being forfeited. *United States v. Parcel of Land and Residence at 28 Emery Street*, 914 F.2d 1, 3–4 (1st Cir.1990). To meet this burden, the government must demonstrate a reasonable basis for belief, "supported by less than prima facie proof but more than mere suspicion," that the property was used in the manner alleged. *United States v. $250,000 in United States Currency*, 808 F.2d 895, 897 (1st Cir.1987). Once the government makes the initial probable cause showing, the burden shifts to the claimant to prove one of the two following defenses by a preponderance of the evidence: that the property was not used in violation of the statute, or that it was so used, but without the owner's knowledge or consent. *See* 21 U.S.C. § 881(a)(7); 19 U.S.C. § 1615; *United States v. Parcel of Land and Residence at 18 Oakwood Street*, 958 F.2d 1, 3 (1st Cir. 1992); *United States v. Parcel of Land and Residence Located Thereon at 5 Bell Rock Road*, 896 F.2d 605, 606 (1st Cir. 1990).

### III.

■ With this as background, this Court will examine the facts of the instant case to determine if summary judgment is appropriate. As noted above, the government bears the initial burden of establishing probable cause to believe that defendant real property was used to facilitate a drug crime, and that there was a substantial connection between the drug activity and the property. *United States v. Parcel of Land*, 914 F.2d at 3–4. In support of establishing probable cause in this matter, the government has submitted two affidavits, one by Agent Coons and one by Detective Tobias. Agent Coons's affidavit details the facts of the surveillance and search and the evidence linking the residence to the illegal drug activity. Detective Tobias's affidavit substantiates the contents of Agent Coons's affidavit. Based on these facts, Agent Coons concluded in his affidavit that he has "probable cause to believe that the real property and building located on Castle Road described herein was used and/or intended for use by Lisa Casselano and others to facilitate the commission of violations of 21 U.S.C. §§ 841(a)(1) and 846." Coons Affidavit at ¶ 12.

This Court concurs with Agent Coons's assessment in that the government has established probable cause to believe that the property was used to store, conceal, possess, prepare, and distribute quantities of heroin. Based on the confidential informant, the surveillance by the Truro Police Department, the search of Mark Roderick which found heroin and syringes, and the subsequent search of the Casselano residence and the items seized therein, this Court rules that the government had probable cause to believe that the property in question was being used to facilitate a drug crime. Moreover, the facts of the instant case, and the evidence garnered in the search of the residence, established probable cause to believe that there was a substantial connection between claimant's property and the drug trafficking. In particular, the fifty individual bags of heroin and the twenty-eight hypodermic needles found at the residence constitute clear, tangible evidence that the claimant stored, prepared, and possessed controlled substances at the defendant property in violation of 21 U.S.C. §§ 841(a)(1) and 846. The large quantities of heroin and hypodermic needles seized strongly suggest that the claimant was selling and distributing the heroin at the property, as opposed to possessing the drug for her own personal use. Thus, the government has demonstrated that it had a reasonable basis for belief that the Truro residence was used by the claimant to facilitate her drug trafficking activities in heroin.

In her opposition, the claimant asserts that the government did not make the requisite showing of probable cause for basi-

cally two reasons. First, she claims that the evidence submitted to establish probable cause was not reliable because it is based on hearsay. Second, she argues that the government has failed to establish the requisite substantial connection between the defendant real property and the alleged illicit conduct. Each of claimant's arguments will be discussed briefly in turn, but neither defeats the .government's initial burden of proof of probable cause.

Claimant first contends that the affidavit of Agent Coons, which is based on information from the Truro and Provincetown police departments, contains unreliable hearsay that does not provide support for the government's probable cause showing. It is well established that hearsay may be used by the government to demonstrate probable cause, "if there is substantial basis for crediting the hearsay.'" *United States v. Parcels of Real Property,* 913 F.2d at 3 (quoting *United States v. One 1974 Porsche 911–S Vehicle,* 682 F.2d 283, 285 (1st Cir.1982)); *see United States v. One 1986 Chevrolet Van,* 927 F.2d 39, 42 (1st Cir.1991). Thus, a court must analyze the credibility of the evidence to determine if it is reliable. In the instant case, Agent Coons's affidavit was corroborated by Detective Tobias, a Provincetown police detective with nine years of experience. Detective Tobias was the original officer who informed the Truro police department of corroborated information that he had received from a reliable informant regarding Mark Roderick's visit to the claimant's residence. He was also one of the officers who executed the search warrant later that evening. His own affidavit attested to the accuracy of Agent Coons's affidavit concerning these events, of which he had direct, personal knowledge. This Court finds, therefore, that Agent Coons's affidavit contained reliable, competent evidence, upon which probable cause can be based. Furthermore, the government produced reliable, non-hearsay evidence upon which this Court relies in its determination of probable cause, namely the laboratory report that clearly identified the white powder as heroin. Thus, the Court disagrees with claimant's first contention because the evidence presented was reliable.

As a second basis for discrediting the government's probable cause, claimant argues that the government has failed to establish the requisite substantial connection between the property and the alleged illicit drug activity. As explained above, however, this Court concludes that the government has amply demonstrated probable cause in this instance. The search of defendant property produced twenty-eight hypodermic needles and fifty small bags containing a total of .2.26 grams of heroin, which strongly suggest that the claimant was selling and distributing the controlled substances at the defendant property. In addition, the informant information, the surveillance of the Casselano residence, and the subsequent search of visitor Roderick support the government's showing of a substantial connection between the property and the illegal activity.

In addition to these two specific arguments being insufficient to defeat the government's probable cause showing, the claimant has generally not met her burden under the summary judgment standard governed by Fed.R.Civ.P. 56. As described by Fed.R.Civ.P. 56(e),

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, a claimant may not merely rely on her pleadings; she must instead provide a court with sworn affidavits establishing a genuine issue of material fact. In the instant case, the claimant merely relies on the general denials of probable cause in the answer to her complaint and one of her affirmative defenses regarding hearsay. Answer ¶¶ 3, 4; Affirmative Defenses ¶ 2. Claimant has neither provided the Court with any affidavits establishing a genuine issue of material fact as to the lack of

probable cause, nor admitted or denied the material facts submitted by the government. This Court concludes that the claimant has not established a genuine issue of material fact as to the existence of probable cause alleged by the government. Accordingly, this Court finds that the government has met its initial burden of demonstrating probable cause.

As this Court concludes that the government has made a showing of probable cause, the burden shifts to the claimant to prove one of the following defenses by a preponderance of evidence: that the property was not used in violation of the statute, or that it was used without her consent or knowledge. *United States v. Parcel of Land*, 958 F.2d at 3. In the instant case, the claimant does not mention the latter defense, that the property was used without her consent or knowledge. As for the former defense, that the property was not used in violation of the statute, the claimant generally denies that it was used in such a manner, without elaboration, in the answer to her complaint. In support of her opposition to this summary judgment, she has not presented the Court with any other evidence. Instead of submitting her own affidavits, she merely relies on her answer and on the legal theories described above to support her argument. Answer ¶ 3. As noted above, Fed.R.Civ.P. 56 requires that a motion for summary judgment be opposed by sworn affidavits establishing a genuine issue of material fact. Claimant has not met this requirement with respect to her burden.

In summary, as the foregoing indicates, the Court concludes that the government has demonstrated probable cause to believe that the defendant property facilitated the illicit drug activities. The claimant has not presented evidence to establish a genuine issue of fact as to the existence of probable cause. Further, by failing to substantiate her general denial that the property was used in this manner, the claimant has not met her burden of showing by a preponderance of the evidence that the property was not used in violation of the statute. This Court thereby finds that the government is entitled to judgment as a matter of law.

Last, the Court will briefly address one ancillary argument by the claimant. Claimant argues that the forfeiture of her property would violate the eighth amendment as it would amount to an excessive punishment disproportionate to the magnitude of her acts. The Court finds this argument without merit. The Court of Appeals for the First Circuit has consistently held that civil forfeiture claims do not "trigger the panoply of constitutional safeguards present in criminal actions." *United States v. A Parcel of Land With a Building Located Thereon at 40 Moon Hill Road*, 884 F.2d 41, 43 (1st Cir.1989). Accordingly, the First Circuit has ruled that both the asset forfeiture statute and case law indicate that the government is authorized to bring asset forfeiture proceedings "against the *entire* tract of land, regardless of the magnitude of the infraction." *Id.* at 45. Thus, this Court rejects claimant's eighth amendment claim.

Order accordingly.

### ORDER

In accordance with the memorandum signed on this date, it is hereby ORDERED:

The motion for summary judgment by plaintiff United States is granted.