UNITED STATES of America

v.

**Camille BELLE, Omer Belle and Joseph Noel.**

**Crim. No. 94–10052–EFH.**

United States District Court, D. Massachusetts.

July 24, 1995.

Michael F. Natola, Lynn, MA, Joseph J. Balliro, Jr., Balliro & Mondano, Boston, MA, for Camille Belle.

Lissa C. McKinney, Brighton, MA, Paul Markham, Paul F. Markham, Melrose, MA, for Omer Belle.

Lane McGovern, Ropes & Gray, Boston, MA, for Joseph Noel.

Frederick E. Dashiell, U.S. Attorney's Office, Boston, MA, Geoffrey E. Hobart, Office of the United States Atty., Boston, MA, for the U.S.

MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This matter is before the Court on motions of two of the defendants: (1) Motion of the Defendant Omer Belle To Dismiss;[1] and (2) Motion to Vacate Defendant Camille Belle's Plea Of Guilty To So Much Of The Indictment As Is Count V For Violation Of Fifth Amendment Prohibition Against Double Jeopardy. After oral argument, the Court hereby denies both motions, for the reasons set forth below.

The uncontested statement of the case, as set forth at the plea of Camille Belle on May 22, 1995, established that on April 22, 1992 the defendants travelled to New Hampshire and Vermont and purchased three kilograms of cocaine from undercover DEA agents for $16,500 in cash and approximately $17,000 worth of women's jewelry. After consummating the transaction, the DEA agents seized the cocaine, but retained the cash and jewelry. On or about December 31, 1992 the DEA sent "Notice of Seizure" to the defendants advising that procedures to administratively forfeit the jewelry were under way, pursuant to 21 U.S.C. § 881(a)(6), 19 U.S.C. §§ 1602–1619 and Title 21 C.F.R. §§ 1316.71–1316.81. The "Notice of Seizure" further advised the defendants of the steps they could take to contest the forfeiture. Neither defendant took any step to contest the administrative forfeiture. Approximately two years later, the Grand Jury issued an indictment of the defendants. Count V of the Superseding Indictment charges that on April 22, 1992 the defendants knowingly and intentionally attempted to possess with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1). Defendants now claim that to so charge them in Count V, after proceeding with the administrative forfeiture, constitutes double jeopardy. This Court disagrees.

The Seventh Circuit visited this issue in the case of *U.S. v. Torres*, 28 F.3d 1463 (7th Cir.1994). In *Torres*, the defendant transferred $60,000 to undercover agents to purchase three kilograms of cocaine. The defendant later received notice inviting him to make a claim in the administrative forfeiture proceeding, but the defendant did not take advantage of his opportunity to make a claim and the $60,000 was forfeited. The defendant was later indicted for his attempted purchase of the cocaine and claimed the prosecution of that charge constituted double jeopardy. The Seventh Circuit determined that, since the defendant had not participated in the administrative forfeiture proceeding, no jeopardy had attached. Therefore, there could be no double jeopardy. *Torres*, 28 F.3d at 1465. Similarly, in the instant action, since the defendants did not participate in the forfeiture proceedings, no jeopardy attached at that time. The government's prosecution of Count V of the Superseding Indictment does not violate the principles of double jeopardy.

The defendants urge this Court to adopt the holding in *U.S. v. $405,089.23 U.S. Currency*, 33 F.3d 1210 (9th Cir.1994),[2] where the Ninth Circuit held that by obtaining convictions in the criminal case and then continuing to pursue the civil forfeiture proceeding the government violated the Double Jeopardy Clause of the Fifth Amendment. *Id.* at 1214. In that case, civil and criminal proceedings were instituted in federal district court at approximately the same time. The defendants/claimants filed claims to the res, but the civil proceeding was stayed pending the outcome of the criminal prosecution. After the government obtained a conviction, it then moved for summary judgment on the civil forfeiture. Relying on, among other things, the criminal conviction, the government asserted that they had established probable cause, thereby shifting the burden of proof to the defendants/claimants and that the defendants/claimants had failed to demonstrate that the property was not subject to

---

1. At oral argument, counsel for Omer Belle limited his Motion to Dismiss to Count V of the Superseding Indictment.

2. The Court notes that the First Circuit has not yet ruled on this precise question. It has held that forfeiture proceedings under 21 U.S.C.

§ 881 are not punishment and do not "trigger the panoply of safeguards present in criminal actions." *United States v. A Parcel of Land, Moon Hill Road, Northbridge, Massachusetts*, 884 F.2d 41, 42–43 (1st Cir.1989).

forfeiture. The district court granted the Summary Judgment Motion. The Ninth Circuit reversed the district court, essentially holding that the two proceedings were "separate" for the purposes of a double jeopardy analysis and that the forfeiture of various personal property as proceeds of illegal transactions, pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A) constituted punishment.

The Ninth Circuit case is clearly distinguishable from the instant case. The defendants were tried and convicted in the criminal proceeding and, accordingly, jeopardy attached. In the instant case, as explained above, the defendants did not contest the administrative forfeiture. Therefore, no jeopardy attached. As the Seventh Circuit noted in *Torres*, one cannot have double jeopardy without a former jeopardy. *Torres*, 28 F.3d at 1465.[3]

The Ninth Circuit case is distinguishable from the *Torres* case and the instant case for another reason, namely, the way in which the forfeited goods were obtained. In both the instant case and the *Torres* case, the forfeited property was given as consideration for the transfer of the contraband. It was the defendants' intention to transfer their rights in the property, in this case the jewelry, for their interest in the cocaine. The defendants completed the transaction with the undercover DEA agents and, for all intents and purposes, gave up their interest in the jewelry. The property which was being forfeited in the Ninth Circuit case was not used in a hand-to-hand drug transaction. Instead, the government was seeking forfeiture of the proceeds of illegal transactions. There is no indication that the defendants in the Ninth Circuit case had transferred their interests in those proceeds.

It is worth noting that the outcomes of the Seventh Circuit and Ninth Circuit are not disparate. The Ninth Circuit considered an action where the defendants contested the forfeiture which had been brought as a civil proceeding in federal court. There is nothing in the record to indicate that the Ninth

Circuit's holding would have differed from the Seventh Circuit's, or this Court's, had it been presented with a situation where the defendants had not contested the forfeiture.

SO ORDERED.

---

3. It must be noted that both the Seventh Circuit and the Ninth Circuit agree that the government may attempt to impose multiple punishments, in same proceeding. *See U.S. v. $405,089.23*, 33 F.3d at 1217, n. 5; *Torres*, 28 F.3d at 1464.