89 F.3d 847
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Imran A. MIR, Defendant-Appellant.
 No. 95-10093, 95-10094.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1996.
Decided June 27, 1996.
 
 1
 Before: SCHROEDER and HAWKINS, Circuit Judges, and FITZGERALD,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Property allegedly belonging to defendant Imran Mir was seized in early January 1991, during several searches conducted pursuant to warrants issued by one or more municipal court magistrates. Although the searches were conducted by state officers, a United States Customs Special Agent participated in one of the searches. The property was subsequently forfeited in a state proceeding brought pursuant to California law.
 
 
 4
 Defendant was later indicted in federal court on various drug charges and, still later, on money laundering charges.
 
 
 5
 Defendant moved to dismiss the indictments on double jeopardy grounds. The district court denied the motion. Defendant appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291, Abney v. United States, 431 U.S. 651 (1977), and we affirm.
 
 
 6
 The double jeopardy clause does not bar successive prosecutions or punishments imposed by separate sovereigns. United States v. 8360 Little Canyon Road, 59 F.3d 974, 987 (9th Cir.1995). In Heath v. Alabama, 474 U.S. 82, 88 (1985), the Supreme Court explained that whether two entities are separate sovereigns depends on whether they "draw their authority to punish the offender from distinct sources of power." It then concluded that the state and federal governments are separate sovereigns. Id. However, we have suggested that where the second prosecution "is not pursued to vindicate the separate interests of the second sovereign, but is merely pursued as a sham on behalf of the sovereign first to prosecute, it may be subject to a successful double jeopardy challenge." United States v. Guy, 903 F.2d 1240, 1242 (9th Cir.1990).
 
 
 7
 Defendant argues for the first time on appeal that the dual sovereign exception to the double jeopardy clause does not apply because the forfeiture was in fact a federal forfeiture. "Issues not presented to the trial court cannot generally be raised for the first time on appeal." United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). However, we find it is appropriate to address defendant's argument because he raises a purely legal issue and the government has failed to establish prejudice. See id.
 
 
 8
 Defendant contends the dual sovereign exception does not apply in this case because, in light of 21 U.S.C. § 881(h), the State of California cannot be considered an "independent source of authority" because the property belonged to the United States at the time of the forfeiture and, therefore, the State necessarily instituted the forfeiture proceeding pursuant to delegated federal authority. 21 U.S.C. § 881(h) provides in relevant part:
 
 
 9
 All right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section.
 
 
 10
 The problem with defendant's argument, as the government notes, is that § 881(h) does not "make [ ] the Government an owner of property before forfeiture has been decreed." United States v. 92 Buena Vista Avenue, 507 U.S. 111, 124 (1993). As our sister circuits have explained, the government's ownership under § 881(h) is " 'fictive' in nature and [is] not consummated until the judgment of forfeiture is entered." United States v. 2 Burditt Street, 924 F.2d 383, 385 (1st Cir.1991); see also United States v. One Parcel of Land, 33 F.3d 11, 13 (5th Cir.1994). Although 92 Buena Vista Avenue involved an individual who claimed a right in property seized by the federal government while this case involves a state that has seized property which it seeks to forfeit pursuant to state law, we find no principled basis for distinguishing its holding that § 881(h) is not self-executing. Therefore, it appears that the State of California was acting under its own authority at the time of the forfeiture.
 
 
 11
 In the absence of evidence that the federal government is acting as a tool for the State, or that the federal prosecution is a "sham" conducted on behalf of the State, defendant's double jeopardy argument must fail. Cf. United States v. 38 Whalers Cove Drive, 954 F.2d 29 (2d Cir.1992), cert. denied, 506 U.S. 815 (1992) ("[T]hat the Attorney General may choose to share the forfeited property with a local law enforcement agency is inadequate to show that the United States Government, which no doubt has its own interest in the proceeds, is here acting as a 'cover' for [the state].").
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable James M. Fitzgerald, Senior U.S. District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3