Smallwood v. Ayer                          CV-96-285-M    10/09/96
                    UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


David Smallwood

     v.                                       Civil No. 96-285-M


Paul F. Ayer and Dover Point
Sea Charters, Inc.


                              O R D E R


     David Smallwood purchased a used fishing boat from the

defendants, Paul F. Ayer and Dover Point Sea Charters, Inc.,

which Smallwood alleges is defective and unusable.  Smallwood

seeks to recover his losses related to the transaction.  The

defendants move to dismiss Smallwood's suit for lack of subject

matter jurisdiction asserting that Smallwood has incorrectly

invoked admiralty jurisdiction, 28 U.S.C.A. § 1333, and that he

cannot meet the amount in controversy requirement for diversity

jurisdiction under 28 U.S.C.A. § 1332.

     When considering a motion to dismiss for lack of subject

matter jurisdiction, the court must "construe the Complaint

liberally and treat all well-pleaded facts as true, according the

plaintiff the benefit of all reasonable inferences."  Murphy v.

United States, 45 F.3d 520, 522 (1st Cir.), cert. denied, 115

S.Ct. 2581 (1995).  The party who invokes jurisdiction, the

plaintiff in this case, bears the burden of proving its existence.  <u>Id.</u>

Smallwood addresses only diversity jurisdiction in his objection to the defendants' motion to dismiss, apparently abandoning his reliance on admiralty jurisdiction.  It is also unlikely that admiralty jurisdiction would exist in this case because Smallwood's claims concerning the sale of the boat do not involve purely maritime circumstances or separable maritime claims.  <u>See</u> <u>MacDougall's Cape Cod Marine v. One Christina 40 Foot Vessel</u>, 721 F. Supp. 374, 375-76 (D. Mass. 1989), <u>aff'd</u> 900 F.2d 408 (1st Cir. 1990); <u>Chi Shun Hua Steel Co. v. Crest Tankers, Inc.</u>, 708 F. Supp. 18, 21-24 (D.N.H. 1989).  Accordingly, the defendants' motion is granted as to jurisdiction based on 28 U.S.C.A. § 1333.

To determine whether the plaintiff can meet the amount in controversy requirement for diversity jurisdiction, $50,000.00, the court first looks at the amount claimed in the complaint at the time of filing.  <u>Coventry Sewage Assoc. v. Dworkin Realty Co.</u>, 71 F.3d 1, 4 (1st Cir. 1995).  The amount claimed determines the amount in controversy for jurisdictional purposes unless it appears "to a legal certainty" that the plaintiff cannot recover

2

an amount in excess of the jurisdictional prerequisite.  <u>Id.</u> at 6.  In that event, the action must be dismissed.  <u>Id.</u>

In his complaint, Smallwood alleges that the amount in controversy exceeds $50,000.00.  Smallwood alleges that defendant Ayer advertised a fishing boat for sale and told him that the boat was in "great shape," that he inspected the boat and found no problems, and then obtained a loan and paid the defendants $42,000.00 for the boat.  After the sale, Smallwood discovered that an area in the boat's hull had begun to delaminate, allowing water to soak the hull's balsa core, and that the defendants had concealed the damaged area by making surface repairs.  Smallwood alleges that he also learned that the boat was uninsurable because of the problem with the hull.  He further alleges that he learned that necessary repairs would be "quite expensive."  He says that he cannot use the boat because he cannot obtain insurance for it.

Smallwood claims that the defendants made material misrepresentations about the condition of the boat and asks for <u>rescission</u>.  He also asks for damages to compensate him for his interest payments on the loan he obtained to purchase the boat, for his lost earnings due to not being able to use the boat, and

for his emotional distress.[1]  Smallwood also asserts a separate claim under New Hampshire's consumer protection statute, New Hampshire Revised Statutes Annotated § 358-A:10, seeking treble damages and attorneys' fees.

Reading Smallwood's complaint liberally and taking his allegations as true, as is required under the applicable standard, it is not apparent, to a legal certainty, that he cannot recover an amount in excess of $50,000.00.  If he were successful under his rescission theory, he would recoup the purchase price of $42,000.00.  Then, under the consumer protection statute, Smallwood might recover actual damages, including interest due on the loan of about $6,000 and attorneys' fees, and he might be entitled to recover treble damages under the statute.  Because it is not apparent to a legal certainty that the total value of the "amount in controversy" could exceed $50,000.00, he has, barely, met the jurisdictional amount in controversy requirement.

---

[1]  Smallwood seems to claim both rescission and damages for breach of contract.  The equitable remedy of rescission is available only if the parties can be returned to their status quo at the time of sale and may be elected only as an alternative to a claim for damages.  See Mertens v. Wolfeboro National Bank, 119 N.H. 453, 455-56 (1979).

4

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss (document no. 10) is granted in part: admiralty jurisdiction does not exist here; and denied in part: the plaintiff meets the amount in controversy requirement for diversity jurisdiction. The action is not dismissed.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

October 9, 1996

cc:  Carol L. Hess, Esq.
     Michael X. Savasuk, Esq.
     Paul R. Cox, Esq.

5